[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-13663
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 22, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-05016-CR-5-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES KEITH JOHNSON,
a.k.a. THUNDER EAGLE GHOST DANCER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 22, 2005)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

James Keith Johnson, proceeding pro se, appeals the district court's denial of

his 18 U.S.C. § 3582(c)(2) motion for resentencing.  On appeal, Johnson argues

that the district court erred by denying his § 3582(c)(2) motion in which he argued that Amendment 674 to the United States Sentencing Guidelines retroactively applied to his sentence and renders it unconstitutional.[1]  After careful review, we affirm.[2]

We review a district court's decision on a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion.  United States v. Vautier, 144 F.3d 756, 759 n. 3 (11th Cir. 1998).  Abuse-of-discretion review

> recognizes the range of possible conclusions the trial judge may reach.
> By definition . . . under the abuse of discretion standard of review
> there will be occasions in which we affirm the district court even
> though we would have gone the other way had it been our call. That is
> how an abuse of discretion standard differs from a de novo standard of
> review.  As we have stated previously, the abuse of discretion

---

[1]  Amendment 674 alters several sections of the guidelines in both technical and substantive ways.  U.S.S.G. App. C, Amend. 674 at 1108 (2004).  The portion of Amendment 674 that is relevant to this appeal is the addition of an application note in U.S.S.G. § 4B1.4 that addresses the "double counting" issue that arises when a defendant is subject to mandatory minimum consecutive sentences for violations of 18 U.S.C. § 924(c), or other firearm-related crimes, and to enhanced guideline offense levels and an enhanced criminal history category as an armed career criminal based on the same offense conduct, use or possession of a firearm in connection with a controlled substance offense or crime of violence.  Id. at 1110.  The application note states that the enhancements for use of a firearm in connection with the charged offense should not be applied in conjunction with a sentence for a conviction under § 924(c) or other specified firearm-related crimes.  U.S.S.G. § 4B1.4, comment. (n. 2).

[2]  Johnson also argues, for the first time on appeal, that his sentence was unconstitutional because it was enhanced based on facts that were not presented to a jury, in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).  We have held that, like with cases on collateral review, Booker does not apply retroactively to § 3582(c)(2) motions to modify.  See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).  Accordingly, we reject Johnson's Booker argument without further discussion.

standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.

United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) (internal quotation marks and citations omitted), cert. denied, 125 S. Ct. 2516, 161 L. Ed. 2d 1114 (2005).

Under § 3582(c)(2), a court is authorized to modify a sentence when:

a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "Both the language of § 3582(c)(2) and this circuit's precedent indicate that the sentencing court's power to reduce a sentence is discretionary." Id. The applicable policy statement in this case is U.S.S.G. § 1B1.10(a), which provides:

Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment...is not consistent with this policy statement and thus is not authorized.

3

U.S.S.G. § 1B1.10(a).

In interpreting § 1B1.10(a), we have held that a sentence may be retroactively reduced under § 3582(c)(2) only where a court determines that "there has been an amendment to the Sentencing Guidelines that has lowered the guideline range applicable to that sentence and is listed under § 1B1.10(c)." United States v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003) (emphasis added). Amendment 674 is not listed in § 1B1.10(c). Id. Accordingly, the district court did not abuse its discretion by denying Johnson's motion to reduce his sentence pursuant to § 3582(c)(2). [3]

**AFFIRMED.**

---

[3]We are unpersuaded by Johnson's other challenges to the denial of his § 3582(c)(2), including that the failure to modify his sentence is discriminatory and subjects him to double jeopardy for plain error.

4