**UNITED STATES of America**

v.

**Frank DUFFY, Defendant.**

**Criminal Action No. 1:97–CR–497–1–TWT.**

United States District Court, N.D. Georgia, Atlanta Division.

May 5, 2008.

36–2. For the reasons stated, the undersigned does not find the *Alonso* opinion to be persuasive.

Sandra Elizabeth Strippoli, Office of United States Attorney, Northern District of Georgia, Atlanta, GA, for United States of America.

## *ORDER*

THOMAS W. THRASH, JR., District Judge.

This is a criminal action. It is before the Court on the Defendant's Motion for Reduction of Sentence [Doc. 105]. The Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon a recent amendment to the Sentencing Guidelines. The amendment lowered the base offense level for crack cocaine. The Defendant was indicted for and plead guilty to trafficking in crack cocaine. Based on the Defendant's prior felony drug convictions and the offenses of conviction, the defendant was a career offender under U.S.S.G. § 4B1.1. Because the maximum term of imprisonment for several of the offenses of conviction was life in prison, the Defendant's offense level under § 4B1.1 was 37, and his criminal history category was VI. After a three level downward adjustment for acceptance of responsibility, the Defendant's total offense level was 34, and his criminal history was VI. This resulted in a guideline range of 262–327 months. But because of two prior drug convictions the Defendant was subject to a mandatory minimum sentence of life in prison and that sentence was imposed. Later the Government filed a Rule 35 motion to reduce the Defendant's sentence based upon his cooperation and assistance. The Court granted the motion and reduced the Defendant's sentence to 235 months.

In Amendment 706, the Sentencing Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. On December 11, 2007, the Commission added Amendment 706 to the list of amendments in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. The statute provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they

are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). The revised version of Section 1B1.10 provides that a reduction in sentence is not authorized if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

The Defendant's motion must be denied because the application of Amendment 706 does not change the Defendant's guideline range. *See, e.g., United States v. Armstrong,* 347 F.3d 905, 908 (11th Cir.2003) (the district court correctly denied the motion where the defendant's offense level was not altered by the retroactive amendment); *United States v. Gonzalez–Balderas,* 105 F.3d 981, 984 (5th Cir.1997) (although a retroactive amendment reduced the defendant's offense level, the new level still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion). The Defendant's guideline range was not based upon the crack cocaine guidelines. His guideline range was calculated based upon the fact that he is a career offender. The sentence imposed was the mandatory minimum sentence of life based upon prior drug trafficking convictions. Amendment 706 did not change the career offender guideline or the statutory mandatory minimum. *See* Section 1B1.10, Application Note 1(A) ("a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprison-

ment).""). The reduction of his sentence below the statutory mandatory minimum sentence of life was based upon his cooperation and assistance. It was not based upon any application of the crack cocaine guidelines. Therefore, the amendment does not have the effect of lowering the Defendant's applicable guideline range. The Defendant's motion and amended motion improperly seek to employ Section 3582(c)(2) to litigate sentencing issues unrelated to application of Section 2D1.1 to crack cocaine offenses. *See United States v. Bravo,* 203 F.3d 778, 781 (11th Cir.2000). The Defendant's Motion for Reduction of Sentence [Doc. 105] is DENIED.