[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13098
Non-Argument Calendar

_____

D. C. Docket No. 05-00435-CR-KOB-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIONNE SHAMAR BARCLAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 29, 2008)**

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Tionne Shamar Barclay appeals the district court's denial of his *pro se* motion to lower his sentence pursuant to 18 U.S.C. § 3582(c)(2). In Barclay's § 3582(c)(2) motion, he argued his sentence should be lowered based on two amendments to the Sentencing Guidelines: Amendment 706, which concerns "crack cocaine," and Amendment 709, which concerns criminal history calculations. On appeal, Barclay argues the district court could lower his sentence because it considered the Sentencing Guidelines mandatory and because the sentence was unreasonable.[1] Barclay also contends an application of Amendment 709 would lower his sentencing range.[2]

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). In the § 3582(c)(2) context, however, "we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). We also "review *de novo* questions of statutory interpretation." *United*

---

[1] This argument lacks merit because *United States v. Booker*, 125 S. Ct. 738 (2005), does not provide a basis for a district court to have authority to reduce a sentence pursuant to a § 3582(c)(2) motion. *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005).

[2] On appeal, Barclay does not raise an argument concerning Amendment 706. Thus, Barclay abandoned any issue concerning Amendment 706. *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (issues not briefed on appeal by a *pro se* litigant are deemed waived).

*States v. Maupin*, 520 F.3d 1304, 1306 (11th Cir. 2008).

Section 3582(c)(2), provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  For a district court to have authority under § 3582(c)(2) to reduce a sentence based on an amendment to the Guidelines, two initial conditions must be met.  First, the sentencing range upon which the sentence was based must be lowered by the amendment.  *See United States v. Pope*, 58 F.3d 1567, 1568-69, 1572 (11th Cir. 1995) (ordering the district court to reinstate the original sentence on remand because the statutory-minimum sentence applied, and thus, the sentencing range was not lowered by the amendment).  Second, the amendment must be listed as retroactively applicable in U.S.S.G. § 1B1.10(c).  *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

Amendment 709 is not listed in § 1B1.10(c) as a retroactively applicable amendment.  *See* U.S.S.G. § 1B1.10(c).  Thus, the district court did not have authority to reduce Barclay's sentence based upon an application of Amendment 709.  *Armstrong*, 347 F.3d at 909.  Even if Amendment 709 applied retroactively,

3

however, Barclay's sentence would not be reduced because his advisory guideline sentencing range was based upon a statutory-minimum sentence of life imprisonment, not his criminal history category. *See* 21 U.S.C. § 841(b)(1)(A) (imposing a mandatory minimum sentence of life imprisonment if the person has two prior felony-drug offenses and the government filed a proper notice under 21 U.S.C. § 851). Accordingly, after a review of the record and the parties' briefs, we affirm the district court's denial of Barclay's § 3582(c)(2) motion.

**AFFIRMED.**