[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14319
Non-Argument Calendar

_____

D. C. Docket No. 95-00123-CR-WTM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH RAMON SANDERS,
a.k.a. Phillip Hampton,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(February 24, 2009)**

Before DUBINA, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Kenneth Ramon Sanders, a federal prisoner proceeding *pro se*,

appeals the district court's partial grant of his motion to reduce sentence under 18 U.S.C. § 3582(c)(2).

Sanders argues that the district court erred in refusing to grant him a full two-level sentence reduction, which would have reduced his sentence by 62 months. He also asserts that the district court failed to follow the required two-step analysis, which involves substituting the amended guideline range for the original guideline range and considering the § 3553(a) sentencing factors. Sanders also argues that *Booker*[1] is applicable to § 3582(c)(2) proceedings, and because his sentence was reduced pursuant to § 3582(c)(2), the court should have treated the Guidelines as advisory.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). Once eligibility under § 3582(c)(2) has been established, we review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Jones*, 548 F.3d 1366, 1368 n.1 (11th Cir. 2008).

Under § 3582(c)(2), a district court has discretion to reduce the term of

---

[1]*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). In such a case, the court may reduce the defendant's sentence, after considering applicable § 3553(a) factors, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, provides that:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). However, a reduction in the term of imprisonment is not consistent with the Guidelines policy statement, and therefore not authorized by § 3582(c)(2), if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Armstrong*, 347 F.3d 905, 909 (11th

Cir. 2003) (stating that only retroactively applicable amendments "that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)").

Amendment 706, which reduced the § 2D1.1(c) offense levels in crack cocaine cases, became effective November 1, 2007. *See* U.S.S.G. App. C. Amend. 706. The Sentencing Commission made the Amendment retroactive as of March 3, 2007, by incorporating it into § 1B1.10(c). *See* U.S.S.G. App. C, Amend. 713. Prior to the amendment, base offense level 38 applied to drug offenses involving 1.5 kilograms or more of crack cocaine. *See e.g.*, U.S.S.G. § 2D1.1(c)(1)(2006). As a result of the amendment, base offense level 38 now applies to an offense involving 4.5 kilograms or more of crack cocaine, whereas level 36 applies to an offense involving at least 1.5 but fewer than 4.5 kilograms of crack cocaine. U.S.S.G. § 2D1.1(c)(1), (2). Thus, although Amendment 706 reduced the offense levels in certain crack cocaine cases by two levels, the base offense level for sentences based on 4.5 kilograms or more of crack cocaine remained unchanged. *See* U.S.S.G. App. C, Amend. 706.

A § 3582(c)(2) motion to reduce sentence does not provide the basis for *de novo* resentencing. U.S.S.G. § 1B1.10(a)(3). A district court should leave intact its previous factual decisions from the sentencing hearing when deciding whether

4

to reduce a defendant's sentence. *See United States v. Cothran*, 106 F.3d 1560, 1563 (11th Cir. 1997) (upholding district court's refusal in a § 3582(c)(2) proceeding to re-examine drug quantity). In addition, because *Booker* is not a retroactively applicable guideline amendment, it is inapplicable to § 3582(c)(2) motions as an independent basis to reduce a sentence. *Jones*, 548 F.3d at 1369 (holding that defendant was ineligible for a sentence reduction under Amendment 706, because more than 4.5 kilograms of crack cocaine were attributed to him, and he could not otherwise rely on *Booker* for a reduction).

Because Amendment 706 in fact did not reduce Sanders's guideline range, we conclude that Sanders was not entitled to any further reduction.[2] Moreover, he was also not entitled to the benefit of *Booker*. *See Jones*, 548 F.3d at 1369 (holding that *Booker* is inapplicable to § 3582(c)(2) motions as an independent basis to reduce a sentence). Accordingly, we affirm the district court's order refusing to grant Sanders a full two-level sentence reduction.

**AFFIRMED.**

---

[2]Despite correctly concluding that the Amendment did not apply to Sanders, the district court granted Sanders's motion and reduced his sentence from 340 months to 324 months. When a guideline amendment does not change a particular defendant's offense level or sentencing range, there is no basis for a reduction. *See United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008), *cert. denied*, *McFadden v. United States*, ___ S. Ct. ___(U.S. Jan. 12, 2009) (No. 08-7610). However, the Government has not cross-appealed this issue, and this Court seems precluded by recent Supreme Court precedent to correct this unappealed error to the detriment of the defendant. *See Greenlaw v. United States*, ___ U.S. ___, 128 S. Ct. 2559, 2569 (2008).

5