[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12726
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 89-01018-CR-1-MMP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILNER VAL SAINT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 18, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Wilner Val Saint, a federal prisoner convicted of conspiracy to possess with the intent to distribute cocaine and cocaine base, appeals the district court's denial of his *pro se* 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. On appeal, Val Saint argues the district court should have reduced his sentence under Amendments 503, 505, 506, 706, and 711 to the Sentencing Guidelines, because they lowered his Guidelines range. For the same reason, he also argues the district court should have reduced his sentence based on the Supreme Court's holdings in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), *United States v. Booker*, 125 S. Ct. 738 (2005), and *Cunnigham v. California*, 127 S. Ct. 856 (2007).

We generally review a district court's decision to deny reduction of a defendant's sentence pursuant to § 3582(c)(2) for an abuse of discretion. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). "When a defendant fails to raise an error in the district court, we may not correct the error unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* at 1220 (quotation omitted).

Under § 3582(c)(2), a district court may not reduce the term of imprisonment of an already incarcerated defendant unless that defendant has been sentenced pursuant to a Guidelines range "that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). "[F]or a sentence to be

reduced retroactively under § 3582(c)(2), a court must determine whether there has been an amendment to the Sentencing Guidelines that has lowered the Guidelines range applicable to that sentence and is listed under [U.S.S.G.] § 1B1.10(c)." *United States v. Armstrong*, 347 F.3d 905, 907 (11th Cir. 2003).

For example, "a reduction under § 3582(c)(2) is not authorized where 'the amendment . . . does not have the effect of lowering the defendant's applicable Guidelines range because of the operation of another guideline[.]'" *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008) (quoting U.S.S.G. § 1B1.10, comment. (n.1(A))) (emphasis omitted)). Similarly, such a reduction is not authorized if none of the listed amendments apply to the defendant. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)). Accordingly, we have upheld the denial of a § 3582(c)(2) motion based on an amendment that qualified "for reduction purposes," but did "not apply factually in [the defendant's] case." *Armstrong*, 347 F.3d at 908.

## I.

Amendment 706 lowered the base offense levels under the Sentencing Guidelines for cocaine base offenses. It also altered Application Note 10(D) of the Commentary to U.S.S.G. § 2D1.1 to change the method of calculating the offense level for offenses involving cocaine base and other types of drugs. *See* U.S.S.G.

3

App. C, Amends. 706, 713. In particular, it instructed district courts to: (1) determine the base offense level for the other substance; (2) apply that base offense level to a "marijuana equivalency" table and convert the cocaine base into marijuana; (3) convert the other substance into marijuana; and (4) add the marijuana quantities together to determine the combined base offense level. U.S.S.G. App. C, Amend. 706.

Amendment 711, however, reversed Amendment 706 on this point, and, instead, directed courts to: (1) determine the base offense level for the amount of cocaine base involved; (2) apply that base offense level to a "marijuana equivalency" table and convert the cocaine base into marijuana; (3) determine the marijuana equivalency for the other substance; and (4) add together all of the marijuana amounts and determine the combined base offense level. *See* U.S.S.G. App. C, Amend. 711.

Here, the district court did not abuse its discretion by denying Val Saint's motion to reduce his sentence under Amendments 706 and 711. Based on the 500 grams of cocaine base and 50 kilograms of powder cocaine attributed to Val Saint, his base offense level would remain 36, his adjusted offense level would continue to be 44, his criminal history category of III would be unaffected, and his Guidelines range would remain life imprisonment.

4

II.

Amendment 505, effective November 1, 1994, altered the upper limit of the Drug Quantity Table in U.S.S.G. § 2D1.1(c) so that the base offense level for 150 kilograms or more of cocaine, and 1.5 kilograms or more of cocaine base, became 38. *See* U.S.S.G. App. C, Amend. 505. Amendment 506, effective November 1, 1994, altered the definition of "offense statutory maximum" as it applied to the career offender guidelines in U.S.S.G. § 4B1.1.

While Amendments 505 and 506 fall within the scope of a § 3582(c)(2) motion, they do not apply to Val Saint. First, Amendment 505 has no effect on Val Saint because it only altered the Drug Quantity Table for base offense levels of 38 and above, whereas his base offense level was 36. Second, because Val Saint was not sentenced as a career offender, Amendment 506 does not apply. Accordingly, the district court lacked jurisdiction to reduce Val Saint's sentence pursuant to Amendments 505 and 506.

III.

Amendment 503, effective November 1, 1994, clarified U.S.S.G. § 1B1.13, which provided a method for calculating a defendant's specific offense characteristics, by mandating that the actions of co-conspirators before the defendant joined the conspiracy could not amount to relevant conduct. *See*

U.S.S.G. App C, Amend. 503. *Kimbrough* held that district courts possess the authority to deviate from the 100-to-1 equivalency ratio of cocaine base to powder cocaine under the Sentencing Guidelines. *Kimbrough*, 128 S. Ct. at 575.

Both Amendment 503 and *Kimbrough* fall outside the scope of § 3582(c)(2). First, because Amendment 503 is not listed in U.S.S.G. § 1B1.10(c), it does not apply retroactively. *See Armstrong*, 347 F.3d at 907-08. Second, because the Supreme Court's holding in *Kimbrough* does not amount to an amendment to the Sentencing Guidelines, it does not afford relief under § 3582(c)(2). *See id.* at 907. Thus, the district court lacked jurisdiction to reduce Saint's sentence on these grounds, and it did not abuse its discretion by denying his § 3582(c)(2) motion.

## IV.

In *Booker*, the Supreme Court re-affirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. *Cunningham* reiterated this principle. *See Cunningham*, 127 S. Ct. at 860.

Val Saint raises the applicability of *Booker* and *Cunningham* for the first time on appeal, so we review the district court's ruling for plain error. *See*

6

*Moreno*, 421 F.3d at 1220.  The district court did not plainly err by refusing to reduce Saint's sentence based on these cases, because they are not amendments to the Sentencing Guidelines and they fall outside the scope of § 3582(c)(2).[1]

Accordingly, we affirm.

**AFFIRMED.**

---

[1] Because Val Saint's sentence was not reduced, we need not address his argument for a departure below an amended Guidelines range based on *Kimbrough*.  *But see United States v. Melvin*, ___ F.3d ___, No. 08-13497, 2009 WL 236053, at *1 (11th Cir. Feb. 3, 2009) (holding a district court does not have discretion in a § 3582(c)(2) proceeding to reduce a defendant's sentence below the amended Guidelines range if the defendant's original sentence fell within the then-applicable Guidelines range).