[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15778
Non-Argument Calendar

_____

D. C. Docket No. 01-00036-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY GIBBS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 15, 2009)

Before BIRCH, WILSON and FAY, Circuit Judges.

PER CURIAM:

Tony Gibbs, a federal prisoner convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e), appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion to reduce sentence based on Amendment 709 to the Sentencing Guidelines. After review, we AFFIRM.

## I. BACKGROUND

Gibbs filed the instant § 3582 motion in April 2008, arguing that under Amendment 709, his two prior 1996 state convictions for delivery of cocaine should not have been counted separately for purposes of determining either his criminal history category under U.S.S.G. § 4A1.2 or whether he qualified as an armed career criminal under 18 U.S.C. § 924(e). R1-154 at 4-5. The district court found that Amendment 709 was not retroactively applicable and denied the motion accordingly. R1-158 at 1-2. The court also noted that Gibbs was properly classified as an armed career criminal under § 924(e) based on his 1996 convictions because the fact that the two offenses were committed on different dates was sufficient to satisfy the standard for determining a predicate offense under § 924(e). Id. at 3. Gibbs now appeals.

## II. DISCUSSION

On appeal, Gibbs argues that Amendment 709 shows that his prior convictions should have been counted as one single conviction for purposes of

2

computing his criminal history category and determining whether he was eligible for designation as an armed career criminal under 18 U.S.C. § 924(e) because: (1) they were not separated by an intervening arrest; (2) they were for offenses named in the same charging document; and (3) he was sentenced for both on the same day. He argues additionally that the sentencing court violated Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005) when it looked beyond the face of the charging documents to determine whether the two convictions were separate.

We review a district court's decision to grant or deny a sentence reduction for an abuse of discretion only. See United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008) (per curiam). The district court's interpretation of the guidelines, including the amendments thereto, is a purely legal issue that we review de novo. See United States v. Pringle, 350 F.3d 1172, 1178 (11th Cir. 2003).

Section 3582(c)(2) grants district courts discretion to reduce a previously imposed sentence "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The relevant policy statement on retroactive reduction of sentences provides that a sentence reduction is not consistent with the policy statement, and therefore is not authorized by § 3582(c)(2), unless: (1) the applicable guideline range was lowered as a result of an amendment to the Guidelines; and (2) the amendment is listed as

3

retroactively applicable under § 1B1.10(c).  See U.S.S.G. § 1B1.10(a) (Nov. 2008); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

Amendment 709 addresses the computation of criminal history scores under U.S.S.G. § 4A1.1 in two areas: (1) the counting of multiple prior sentences as single or separate sentences, and (2) the counting of certain misdemeanor or petty offenses.  See U.S.S.G. App. C, Amend. 709.[1]  Amendment 709 is not listed in U.S.S.G. § 1B1.10(c) and was not made retroactively applicable by any later amendment.  See U.S.S.G. § 1B1.10(c); see generally U.S.S.G. App. C. Accordingly, it cannot be the basis for a sentence reduction under § 3582(c).  See Armstrong, 347 F.3d at 909 ("[O]nly amendments, *clarifying or not*, listed under subsection (c) of § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2).").

Gibbs' remaining argument that the sentencing court erred in determining that he qualified as an armed career criminal under § 924(e) is likewise unavailing because § 3582(c) is not the proper vehicle for challenging an extraneous

---

[1]Amendment 709 clarifies that prior sentences separated by an intervening arrest are to be counted separately and that prior sentences that were not separated by an intervening arrest are also to be counted separately "unless the sentences (1) were for offenses that were named in the same charging document, or (2) were imposed on the same day."  U.S.S.G.  App. C, amend. 709, Reason for Amendment.

4

sentencing issue such as this one.  See United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (district court lacked jurisdiction to consider Eighth Amendment claim when ruling on appellant's motion for sentence reduction because in § 3582(c) proceedings "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing").  Gibbs must instead assert this collateral attack on his sentence in a motion to vacate pursuant to 28 U.S.C. § 2255. See id. at 782.

### III. CONCLUSION

Gibbs appeals the district court's denial of his motion for a reduction in sentence.  Because Amendment 709 is not retroactively applicable, it does not entitle Gibbs to relief under § 3582(c)(2).  Accordingly, the judgment of the district court is **AFFIRMED.**