[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17039
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00022-CR-1-MMP-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LASONIA MARIE BURKETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 2, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Lasonia Marie Burkett, through counsel, appeals the district court's denial of

her pro se 18 U.S.C. § 3582(c)(2) motion for a reduced sentence based on Amendments 706, 711, and 715 to the United States Sentencing Guidelines (hereinafter, the "guidelines"). After we review, we AFFIRM.

## I. BACKGROUND

Burkett pled guilty to conspiracy to manufacture, distribute, and possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of a substance containing cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)-(iii), 846. R1-39 at 1-2; R1-68 at 1. The presentence investigation report ("PSI") recommended a sentence of 262 to 327 months of imprisonment based on a total offense level of 37 and a criminal history category of III. Although Burkett faced a statutory minimum term of ten years of imprisonment under 21 U.S.C. § 841(b)(1)(A), the district court granted the government's motion for a downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 based on Burkett's substantial assistance and sentenced Burkett to a term of 96 months of imprisonment. R1-66; R1-68 at 2.

In 2008, Burkett, proceeding pro se, filed with the district court two letters, in which she requested a sentence reduction based on amendments to the guidelines that reduced the base offense levels for crack cocaine offenses. R1-119, 121. The district court construed these letters as a § 3582(c)(2) motion for a

sentence reduction based on Amendments 706, 711, and 715, which reduced the base offense levels for offenses involving crack cocaine,[1] and denied the motion. R1-122 at 1-2, 7. The court found that Burkett had "escaped" the mandatory 120-month sentence and the 262 to 327-month guideline range by virtue of the substantial assistance departure, and that her 96-month sentence, which was well below the low-end of the applicable guideline range, "represented the Court's discretion as to an appropriate sentence once the Court was freed from the statutory mandatory minimum and the Guidelines by the substantial assistance motion." Id. at 6-7. Therefore, the court found, "no further reduction of Ms. Burkett's sentence under Amendments 706, 711 and 715 [was] appropriate." Id. at 7. Burkett now appeals.

## II. DISCUSSION

On appeal, Burkett does not advance any substantive argument challenging the district court's finding that she was not entitled to a § 3582(c)(2) reduction. Instead, she asserts that our decision in United States v. Williams, 549 F.3d 1337 (11th Cir. 2008) controls and precludes a § 3582(c)(2) reduction based on the crack

---

[1]Amendments 706 and 711, which became effective on 1 November 2007, amended the drug quantity table under U.S.S.G. § 2D1.1(c) to reduce the offense levels for crack-cocaine offense by two levels. See U.S.S.G. App. C, Amends. 706, 711 (Nov. 2007). Amendment 715, which became effective on 1 May 2008, applied the two-level reduction to offenses involving both crack cocaine and other controlled substances. See U.S.S.G. App. C, Amend. 715 (Supp. May 2008). Each amendment was made retroactively applicable. See U.S.S.G. § 1B1.10(c).

3

cocaine amendments to the guidelines, but contends that <u>Williams</u> was wrongly decided. She states that she has filed her brief on appeal in order to preserve her argument that the district court erred in denying her § 3582(c)(2) motion in the event <u>Williams</u> subsequently is overturned.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion only. <u>United States v. Brown</u>, 332 F.3d 1341, 1343 (11th Cir. 2003). Section 3582(c)(2) grants district courts discretion to reduce a previously imposed sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A reduction in a defendant's term of imprisonment is not consistent with the guidelines policy statement, and thus not authorized under § 3582(c)(2) *unless* (1) the applicable guideline range was lowered as a result of an amendment to the guidelines; and (2) the amendment is listed as retroactively applicable under § 1B1.10(c). <u>See</u> U.S.S.G. § 1B1.10(a) (Nov. 2008); <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

In <u>Williams</u>, we held that the district court had no authority under § 3582(c)(2) to reduce Williams' sentence based on Amendment 706 because that amendment, while retroactively applicable, did not have the effect of lowering the sentencing guideline range upon which Williams' sentence was based. <u>See</u> 549

4

F.3d at 1339-40, 1342. While Williams' recommended guideline range was 92-115 months of imprisonment, he was subject under 21 U.S.C. § 841(b)(1)(B)(iii) to a 120-month mandatory minimum term of imprisonment, which, by operation of U.S.S.G. § 5G1.1(b), displaced the applicable guideline range and became the guideline sentence. Id. at 1338, 1340-41; see U.S.S.G. § 5G1.1(b) (providing that where the mandatory minimum sentence is greater than the otherwise applicable guideline range, "the statutorily required minimum sentence shall be the guideline sentence"). Rejecting Williams' contention that his 120-month "guideline sentence" should be treated as separate and distinct from his 92-115 month "guideline range," we held that any change in Williams' base offense level as a result of Amendment 706 would not affect the guideline range upon which his sentence was based because that range was determined by the statutory minimum sentence, not the drug quantity for which he was held accountable under U.S.S.G. § 2D1.1(c). See id. at 1340-42. This result, we held, was not altered by the fact that Williams had been granted a substantial assistance departure below the statutory minimum. See id. at 1340, 1342.

Williams is inapposite, however, because here Burkett was subject to a statutorily-mandated minimum sentence that was *lower* than the ordinarily prescribed guideline range of 262 to 327 months of imprisonment. The 120-month

5

statutory minimum thus did not displace the otherwise applicable guideline range and become her guideline sentence under § 5G1.1(b) because that provision becomes operative only where the statutory minimum *exceeds* the maximum of the otherwise applicable guideline range. Insofar as Burkett's sentencing range was not set by the statutory mandatory minimum sentence to which she was subject under 21 U.S.C. § 841, we fail to see how Williams controls the outcome of this case to render Amendments 706, 711, and 715 inapplicable.

Nevertheless, we need not decide whether Burkett was entitled to a sentence reduction based on the crack cocaine amendments or whether the court abused its discretion in failing to grant her a reduction § 3582(c)(2) because by arguing exclusively in her counseled brief on appeal that our opinion in Williams was decided wrongly, Burkett has abandoned these issues. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (failure to offer argument on issue on appeal results in abandonment of that issue).

### III. CONCLUSION

Burkett appeals the district court's denial of her motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendments 706, 711, and 715. Upon review of the record and the parties' briefs, we discern no reversible error. The judgment of the district court is **AFFIRMED**.