[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 07, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-14234

_____

D. C. Docket No. 91-00003-CR-001

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUCKLEY ARMSTRONG,
a.k.a. Shorty,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(October 7, 2003)**

Before BIRCH, BARKETT and HILL, Circuit Judges.

BARKETT, Circuit Judge:

Huckley Armstrong contests the denial of his pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which gives retroactive effect to certain amendments to the Sentencing Guidelines that lower the sentencing range upon which an earlier sentence was based.[1]  Armstrong specifically claimed that he was entitled to a retroactive reduction of his sentence under Amendments 599, 600, and 635.

Although Armstrong had previously filed unsuccessful motions under 28 U.S.C. § 2255, the district court first ruled that Armstrong's § 3582(c)(2) motion was not a successive habeas petition, holding that "the existence of prior motions to amend the sentence is . . . not a bar to a motion under 18 U.S.C. § 3582(c)(2)." However, the court also ruled that Armstrong was not entitled to a reduction of his sentence under § 3582(c)(2) on the basis of Amendments 599, 600 or 635 to the

[1] 18 U.S.C. § 3582(c)(2) provides:
  (c) Modification of an Imposed Term of Imprisonment. -
  The court may not modify a term of imprisonment once it has been imposed
  except that - . . .

  (2) in the case of a defendant who has been sentenced to a term of
  imprisonment based on a sentencing range that has subsequently been
  lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),
  upon motion of the defendant . . . the court may reduce the term of
  imprisonment, after considering the factors set forth in section 3553(a)
  to the extent that they are applicable, if such a reduction is consistent
  with applicable policy statements issued by the Sentencing Commission.

Sentencing Guidelines.  We agree with the district court on both counts and affirm.[2]

## I.  DISCUSSION

Any retroactive reduction in sentence subsequent to a motion filed under § 3582(c)(2) must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, provides that:

> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).  If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized. (emphasis added).
>
> . . .
>
> (c) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, and 606.

---

[2] We review de novo all legal conclusions made by the district court with respect to the scope of its authority pursuant to the Sentencing Guidelines.  United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).

Thus, for a sentence to be reduced retroactively under § 3582(c)(2), a court must determine whether there has been an amendment to the Sentencing Guidelines that has lowered the guideline range applicable to that sentence and is listed under § 1B1.10(c).

## A.     Amendments 600 and 599

Amendment 600[3] is <u>not</u> listed in § 1B1.10(c); therefore, the district court did not err in concluding that Armstrong's sentence could not be legally reduced. Amendment 599[4] <u>is</u> listed in subsection (c) of § 1B1.10.  However, although it qualifies as an amendment for reduction purposes, it does not apply factually in Armstrong's case.  As the district court noted in its decision, Armstrong's "sentence imposed on the underlying offenses was not affected by [his] possession of firearms."  Rather, the base offense level was adjusted upward for Armstrong's aggravating "role as an organizer, leader, manager or supervisor."  Thus, the

---

[3]Amendment 600 became effective November 1, 2000 and revises U.S.S.G. § 2K2.4 to application of the guidelines to career offenders.  Among other things, the Amendment "prohibits the use of 18 U.S.C. § 924(c) [possession of a firearm in relation to a drug trafficking crime] convictions either to trigger application of the career offender guideline, U.S.S.G. § 4B1.1, or to determine the appropriate offense level under that guideline." United States Sentencing Commission Guidelines Manual Supp.to App. C (November 1, 2002) at 72.

[4] Amendment 599 became effective November 1, 2000 and expands the commentary of U.S.S.G. § 2K2.4, which addresses the use of a firearm in relation to certain crimes.  The purpose of Amendment 599 is "to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) . . . may receive weapon enhancements contained in the guidelines for those other offenses." U.S.S.C. Guidelines Manual Supp. to App. C at 70.

district court did not err in rejecting Armstrong's claim for reduction on the basis of Amendment 599. Moreover, we note that Armstrong has conceded as much in his brief.

## B.     Amendment 635

Armstrong concedes that, like Amendment 600, Amendment 635[5] is <u>not</u> explicitly listed in § 1B1.10(c). He argues, however, that Amendment 635 was passed to clarify the commentary[6] of U.S.S.G. § 3B1.2 and that it is now well settled in this Circuit that clarifying amendments are retroactive. <u>See, e.g.,</u> <u>United States v. Anderton</u>, 136 F.3d 747, 751 (11th Cir. 1998); <u>United States v. Howard</u>, 923 F.2d 1500, 1504 (11th Cir. 1991); <u>United States v. Marin</u>, 916 F.2d 1536, 1538 (11th Cir. 1990); <u>U.S. v. Scroggins</u>, 880 F.2d 1204, 1215 (11th Cir. 1989). <u>See also</u> <u>United States v. Gunby</u>, 112 F.3d 1493, 1500 n.9 (11th Cir. 1997) ("subsequent amendments that clarify a guideline, rather than make substantive changes, should be considered on appeal regardless of date of sentencing").

---

[5]Amendment 635 became effective November 1, 2001 and amends the commentary to U.S.S.G. § 3B1.2. Amendment 635 addresses whether a defendant may be considered for a mitigating role adjustment where he or she performed a limited function in concerted criminal activity and was only held accountable for conduct in which he or she was personally involved. <u>U.S.S.C. Guidelines Manual Supp. to App. C</u> at 232-33.

[6] Amendments to the commentary are clarifying amendments. <u>United States v. Camacho</u>, 40 F.3d 349, 354 (11th Cir. 1994).

While Amendment 635 makes explicit clarifying changes to the application of § 3B1.2 and thus qualifies as a "clarifying amendment" to the Sentencing Guidelines to be given retroactive effect, the cases Armstrong cites are not applicable to his situation.[7]  Our cases have considered applying a clarifying amendment retroactively only in the context of a direct appeal and a 28 U.S.C. § 2255 habeas petition.  See, e.g., Anderton, 136 F.3d at 750; Burke v. U.S., 152 F.3d 1329, 1332 (11th Cir. 1998).  While consideration of Amendment 635 as a clarifying amendment may be necessary in the direct appeal of a sentence or in a petition under § 2255, it bears no relevance to determining retroactivity under § 3582(c)(2).

As the government maintains, Armstrong's argument regarding clarifying amendments "is without merit because it fails to recognize . . . that a motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified."  Under this provision, Congress has allowed for limited exceptions to the rule of finality,

---

[7] The Supreme Court has held that the Sentencing Commission may make "clarifying revisions" both to the commentary of the Sentencing Guidelines and the guidelines themselves.  Stintson v. U.S., 508 U.S. 36, 46 (1993).  By definition, "[c]larifying amendments do not effect a substantive change, but provide persuasive evidence of how the Sentencing Commission originally envisioned application of the relevant guideline." Burke, 152 F.3d at 1332.  In United States v. Boyd, 291 F.3d 1274 (11th Cir. 2002), we retroactively applied Amendment 635 as a revision to the commentary of a Sentencing Guideline when it was raised on direct appeal.

but only where a sentence of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and § 3582(b).[8] Thus, only amendments, <u>clarifying or not</u>, listed under subsection (c) of § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2). Moreover, we have, in essence, already so held. <u>See</u> <u>United States v. Carter</u>, 110 F.3d 759 (11th Cir. 1997) (holding that Amendment 484 could be applied retroactively because it was listed under §1B1.10(c), but Amendment 518 could not because it was not listed therein, even though it "clarified" the rule established under Amendment 484 (which was retroactive)); <u>White</u>, 305 F.3d 1264 (holding that Amendment 489 could not be retroactively applied in conjunction with Amendment 599 under a § 3582(c)(2) motion because Amendment 489 was not itself made retroactive by § 1B1.10(c)).

We agree with several of our sister circuits that have established the bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied <u>solely</u> where expressly listed under § 1B1.10(c). <u>See e.g.</u> <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997); <u>United States v. Wyatt</u>, 115 F.3d 606,

---

[8]28 U.S.C. § 994(o) stipulates that "[t]he Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines . . . ."

608-09 (8th Cir. 1997); <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996); <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995); <u>United States v. Dullen</u>, 15 F.3d 68, 70-71 (6th Cir. 1994); <u>United States v. Avila</u>, 997 F.2d 767, 768 (10th Cir. 1993).

We also agree with those circuits that have specifically held that "clarifying amendments" are no exception to this rule and may only be retroactively applied on direct appeal of a sentence or under a § 2255 motion.  <u>See, e.g.</u>, <u>Drath</u>, 89 F.3d at 217 (noting that clarifying amendments only apply retroactively on direct appeal, not under motions pursuant to § 3582(c)(2) where the amendments are not listed in § 1B1.10(c)); <u>Lee v. U.S.</u>, 221 F.3d 1335 (6th Cir. 2000) (unpublished decision) (holding that "while clarifying amendments to the Sentencing Guidelines may be applied retroactively to reduce a defendant's sentence . . . [defendant] must seek this relief in a motion to vacate sentence under 28 U.S.C. § 2255").

## II. CONCLUSION

Based on the foregoing, we **AFFIRM** the district court's denial of Armstrong's § 3582(c)(2) motion to apply Amendment 635 retroactively towards reduction of his sentence.[9]

---

[9]Armstrong later sought to add Amendment 500 to his § 3582(c)(2) motion. Amendment 500 became effective on November 1, 1993, is not listed in subsection (c) of §1B1.10, and has been deemed a "clarifying amendment" by this Circuit. United States v. Glover, 179 F.3d 1300, 1303 n.4 (11th Cir. 1999) (noting that Amendment 500 "was specifically added by the Commission to clarify the guideline and to resolve a split among the circuits about whether a defendant must manage or supervise other persons to qualify for an enhancement under section 3B1.1"). The district court found that it lacked jurisdiction to review Armstrong's request for leave to amend because he made it after filing his appeal with this Court. The holding in our decision today also applies to Armstrong's Amendment 500 claim.