**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-6285**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCEL BARNES, a/k/a Larry Kevin Brown,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, District Judge.  (CR-94-52; CA-94-51-2)

_____

Submitted:  June 8, 2005                Decided:  July 6, 2005

_____

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Marcel Barnes, Appellant Pro Se.  Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM;

Marcel Barnes, a federal prisoner, appeals the district court's orders (1) construing his 28 U.S.C. § 3582(c)(2) (2000) motion as a successive and unauthorized 28 U.S.C. § 2255 (2000) motion and dismissing it for failure to obtain authorization to file such a successive motion and (2) denying his motion for reconsideration. We vacate the district court's orders and remand for further proceedings.

In his § 3582(c)(2) motion, Barnes claimed that he was entitled to benefit retroactively from Amendment 505 to the U.S. Sentencing Guidelines Manual. That Amendment, which became effective on November 1, 1994, approximately three months after Barnes was sentenced to life in prison for conspiracy to distribute heroin, cocaine, cocaine base, and marijuana, reduced the highest base offense level for drug offenses under USSG § 2D1.1(c) to 38. Barnes contends that application of Amendment 505 to his case would reduce his sentence from life in prison to 360 months.[*] Amendment 505 applies retroactively; whether a particular prisoner's sentence should be reduced lies within the trial court's discretion. See USSG § 1B1.10, p.s & comment. (backg'd) (2004).

Instead of construing Barnes' motion as a successive § 2255 motion, the district court should have addressed the merits

_____

[*]We do not have the criminal record, notably the presentence investigation report, before us on appeal, and do not express an opinion on the accuracy of Barnes' contention.

- 2 -

of the motion under § 3582(c)(2).  <u>See</u> <u>United States v. Goines</u>, 357 F.3d 469, 476-77 (4th Cir. 2004); <u>United States v. Armstrong</u>, 347 F.3d 905, 907 (11th Cir. 2003); <u>Hamilton v. United States</u>, 67 F.3d 761, 763-64 (9th Cir. 1995).  Accordingly, we vacate the judgment of the district court and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>