[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 15, 2006
THOMAS K. KAHN
CLERK

No. 05-12630
Non-Argument Calendar

-----------------------------------------

D.C. Docket  No. 99-00345-CR-T-23-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE MALDONADO,

Defendant-Appellant.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

-----------------------------------------------------------------

**(May 15, 2006)**

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Guadalupe Maldonado appeals the district court's denial of his pro se

motion for reduction of sentence, filed pursuant to 18 U.S.C. § 3582(c)(2).

Defendant argues that the district court should have applied Sentencing Guidelines Amendment 668 retroactively to his sentence because it is a clarifying amendment. No reversible error has been shown; we affirm.[1]

Amendment 668 is not listed as a retroactively-applicable amendment under U.S.S.G. § 1B1.10(c): Maldonado cannot use this amendment to reduce his sentence under § 3582(c)(2).  See United States v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003).  And even if Amendment 668 could be applied retroactively, it is not applicable because Maldonado did not receive a mitigating-role adjustment under U.S.S.G. § 3B1.2.[2]  Further, regardless of whether Amendment 668 is a clarifying amendment, clarifying amendments may be applied retroactively only on direct appeal of a sentence or under a 28 U.S.C. § 2255 motion to vacate sentence.  See Armstrong, 347 F.3d at 908-09.  Amendment 668 provides no legitimate basis by which Maldonado may reduce his sentence in a § 3582(c)(2) motion.

Maldonado contends that the district court misinterpreted the arguments in his § 3582(c)(2) motion as challenging the court's  imposition of a role

---

[1]We review de novo the district court's legal conclusions about the scope of its authority under the Sentencing Guidelines.  See United States v. Armstrong, 347 F.3d 905, 907 n.2 (11th Cir. 2003).

[2]Amendment 668 modified U.S.S.G. § 2D1.1(a)(3) to provide a graduated reduction for offenders whose drug quantity level resulted in a base offense level greater than 30 and who received a mitigating role adjustment under U.S.S.G. § 3B1.2.  U.S.S.G. App. C, amend. 668 (2004).

enhancement and the court's rejection of an acceptance-of-responsibility reduction when Maldonado was sentenced in March 2001. To the extent the district court may have misinterpreted Maldonado's arguments, this matter does not affect our resolution of this case. See Cochran v. U.S. Health Care Fin. Admin., 291 F.3d 775, 778 n.3 (11th Cir. 2002) ("we may affirm for any reason supported by the record, even if not relied on by the district court"). The district court did not err in denying Maldonado's § 3582(c)(2) motion.

**AFFIRMED.**