[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 03, 2007
THOMAS K. KAHN
CLERK

No. 07-11891
Non-Argument Calendar

_____

D. C. Docket No. 90-00054-CR-T-17

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE MACK FLOWERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 3, 2007)**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Joe Mack Flowers appeals the district court's denial of his *pro se*

motion to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2), which Flowers had based on Amendment 505 to the United States Sentencing Guidelines ("U.S.S.G."). On appeal, Flowers argues that the district court abused its discretion by denying his motion to reduce his sentence because Amendment 505 permitted a reduction. Flowers argues that, after the promulgation of Amendment 505, his base offense level would have been 38 instead of 43, and he would not have received a mandatory sentence of life imprisonment.[1]

We review the denial of a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *See United States v. Vautier*, 144 F.3d 756, 762 (11th Cir. 1998) ("A § 3582(c)(2) motion is discretionary and the district court did not abuse its discretion in denying [the defendant's] motion.").

A district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "[O]nly amendments [to the sentencing guidelines], *clarifying or not*, listed under subsection (c) of [U.S.S.G.] § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence

---

[1]A review of the PSI and Judgment shows that Flowers's base offense level was actually 32, which was also his total offense level.

was based, may be considered for reduction of a sentence under § 3582(c)(2)."

*United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (emphasis in original).

It is not disputed that, because Flowers had two prior felony drug convictions when he was sentenced, the district court was bound by statute to impose a mandatory sentence of life imprisonment. *See* 21 U.S.C. 841(b)(1)(A)(iii). Amendment 505 to the Sentencing Guidelines changed the offense levels in U.S.S.G. § 2D1.1(c), the Drug Quantity Table, and U.S.S.G. § 1B1.10 indicates that the change is retroactively applicable. *See* U.S.S.G. § 1B1.10(c), and U.S.S.G. App. C, amend. 505. Because the district court sentenced Flowers to a statutory mandatory sentence of life imprisonment pursuant to 21 U.S.C. § 841(b), the reduction of certain offense levels in relation to corresponding drug quantities located in the Sentencing Guidelines Drug Quantity Table, U.S.S.G. § 2D1.1(c), had no effect on Flowers's sentencing range, and therefore he was not even entitled to be considered for a reduction in his sentence based on 18 U.S.C. 3582(c)(2). *See Armstrong*, 347 F.3d at 909 (for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), the relevant amendment to the sentencing guidelines, pursuant to which the reduction is sought, must have the effect of reducing the guidelines range under which the defendant was sentenced).

3

Accordingly, we conclude from the record that the district court did not abuse its discretion by denying Flowers's motion to reduce his sentence.

**AFFIRMED.**