[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11877
Non-Argument Calendar

_____

D. C. Docket No. 98-06212-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ROBERT LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 26, 2008)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Michael Robert Lee appeals pro se the denial of his motion to reduce his

sentence, which he filed pursuant to 18 U.S.C. § 3582(c)(2). He contends that the district court erred by denying his motion for modification of sentence because the November 1, 2000, amendments to the Sentencing Guidelines, specifically Amendments 599 and 600, retroactively apply to bar sentence enhancements he received.

We review a district court's decision not to grant a sentence reduction under 18 U.S.C. § 3582(c)(2) only for an abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). The law-of-the-case doctrine provides that "an issue decided at one stage of a case is binding at later stages of the same case." United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997). Under the doctrine, a "legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." Id. We may deviate from the law-of-the-case doctrine when: (1) a subsequent trial involves substantially different evidence, (2) controlling law has been changed by an intervening decision that is binding precedent, or (3) the decision was clearly erroneous and a manifest injustice would result from not changing it. Id. at 1561.

2

Lee's § 3582(c)(2) motion was based on the same arguments he unsuccessfully made in an earlier § 3582(c)(2) motion in this same underlying criminal case. The district court denied Lee's first § 3582(c)(2) motion on December 21, 2004, and Lee never filed an appeal from that denial. He has not presented any new evidence, identified a new legal decision, or persuaded us that the district court's decision on his earlier motion was clearly erroneous and resulted in a manifest miscarriage of justice. See Escobar-Urrego, 110 F.3d at 1560.

Alternatively, Lee's motion lacked merit anyway. Amendment 600, as the district court noted, is not retroactively applicable. United States v. Armstrong, 347 F.3d 905, 907–08 (11th Cir. 2003); U.S.S.G. § 1B1.10(a) & (c). Lee argues that Amendment 599, which is retroactive, makes a difference because it would preclude him from receiving the four-level increase in offense level for using or possessing a firearm in connection with his felony offense under U.S.S.G. § 2K2.1(b)(5). However, that enhancement was not applied to calculate Lee's offense level anyway, because he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, the application of which Lee does not challenge. In this situation, because § 2K2.1(b)(5) had no effect Amendment 599 is not implicated. See Armstrong, 347 F.3d at 908.

3

Lee's argument that he should win because the government and probation officer failed to comply with the district court's briefing deadline is frivolous.

**AFFIRMED.**