[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-11849
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 6, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00490-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIAS ABUSAID, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(October 6, 2008)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Elias Abusaid, Jr., proceeding pro se, appeals the district court's (1) denial of his motion for reconsideration of the denial of his motion for modification of sentence, pursuant to 18 U.S.C. § 3582(c)(2); (2) denial of his motion to correct a docketing error; and (3) denial of his motion for the district court judge to recuse herself. For the reasons set forth below, we affirm.

**I.**

A jury found Abusaid guilty of (1) one count of maintaining an establishment for the purpose of unlawfully distributing or using a controlled substance, specifically Methylenedioxymethamphetamine ("MDMA"), in violation of 21 U.S.C. § 856(a)(2) and (b), and (2) one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In calculating Abusaid's criminal history category for sentencing, a probation officer assessed Abusaid five criminal history points based on three convictions for operating a dance hall or rave club without a license and one conviction for operating a bottle club and selling alcohol without a licence. Based on this and other calculations, the district court sentenced Abusaid to two concurrent terms of 97 months' imprisonment. We affirmed Abusaid's convictions and sentences on appeal. United States v. Abusaid , Case No. 05-11260 (11th Cir. July 5, 2006).

Abusaid filed a motion for modification of sentence, pursuant to

2

§ 3582(c)(2), arguing that his criminal history category was calculated based on local ordinance convictions and that Amendment 709 to the Sentencing Guidelines recently instructed that local ordinance violations should not be counted toward a defendant's criminal history category. The government responded that Amendment 709 was not listed in U.S.S.G. § 1B1.10(c) and was not, therefore, retroactive, such that it did not authorize modification under § 3582(c)(2). The district court denied the motion, citing the government's reasoning. The deputy clerk mistakenly docketed Abusaid's motion, the government's response, and the district court's denial of the motion as dealing with a "Motion for retroactive application of the crack guidelines."

Abusaid filed a motion for reconsideration, a motion to order the district court's deputy clerk to removal all references to "crack cocaine" from the docket sheet, and a motion for the district court judge to recuse herself for demonstrating bias against Abusaid by "rubber stamping denial orders on a regular and ongoing basis." The district court denied Abusaid's motions. On April 11, 2008, Abusaid filed a NOA from the district court's denial of his motions.

## II.

We review the denial of a motion to reconsider for an abuse of discretion. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004). We also review the

3

denial of a motion for modification of sentence for an abuse of discretion.  United

States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005).

Pursuant to § 3582(c)(2),

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Pursuant to the Sentencing Commission's policy statement on retroactive reduction

of sentences:

In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2), and any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement

U.S.S.G. § 1B1.10(a)(1).  In United States v. Armstrong, 347 F.3d 905, 909 (11th

Cir. 2003), we interpreted the above language and established a "bright-line rule"

that "amendments claimed in § 3582(c)(2) motions may be retroactively applied

solely where expressly listed under § 1B1.10(c)."  Amendment 709 is not listed in

§ 1B1.10(c).

In Armstrong, as here, the movant conceded that the amendments in

4

question were not listed in § 1B1.10(c), but argued that these amendments were clarifying and that clarifying amendments always are retroactive.  Armstrong, 347 F.3d at 908.  We acknowledged that clarifying amendments, or amendments that do not effect a substantive change, but instead provide persuasive evidence of how the Sentencing Commission originally envisioned application of the relevant guideline, apply retroactively, but rejected the movant's argument and established a rule that clarifying amendments "may only be retroactively applied on direct appeal of a sentence or under a § 2255 motion."  Id. at 908-909.

**III.**

The district court did not abuse its discretion in denying Abusaid's motion for reconsideration.  See Simms, 385 F.3d 1356.[1]  Motions for modification of sentence under § 3582(c)(2) must be based on retroactively applicable amendments, or amendments listed in § 1B1.10(c).  See U.S.S.G. § 1B1.10(a)(1); Armstrong, 347 F.3d at 909.  Amendment 709 is not listed in § 1B1.10(c).

---

[1] As an initial matter, we note that, despite the government's argument otherwise, we have jurisdiction over Abusaid's appeal from the denial of his motion for reconsideration.  The government points to the "anticipatory" notices of appeal that Abusaid filed at the same time as his § 3582(c)(2) motion and motion for reconsideration and argues that these notices were ineffective to perfect appeal.  We agree with the government's position that these notices were effective and, indeed, previously sua sponte dismissed the appeals taken by way of these notices.  See United States v. Abusaid, Case No. 08-10409-J (11th Cir. Feb. 29, 2008); United States v. Abusaid, Case No. 08-11147-J (11th Cir. Apr. 16, 2008).  However, we conclude that we nevertheless have jurisdiction because of the above-mentioned April 11, 2008, notice of appeal from the denial of his motion for reconsideration and other motions.

5

Therefore, Abusaid's motion did not state grounds on which the district court could modify his sentence, such that the district court did not abuse its discretion in declining to do so. See Moreno, 421 F.3d at 1219. Moreover, to the extent that Abusaid argues that Amendment 709 was merely clarifying and therefore applied retroactively to modify his sentence, we previously have rejected this argument. See Armstrong, 347 F.3d at 908-09.[2] The district court also did not err in denying Abusaid's motion to order the district court's deputy clerk to remove all references to "crack cocaine" from the docket sheet and motion for the district court judge to recuse herself, as Abusaid has not demonstrated, and the record otherwise does not suggest, that the docketing error affected Abusaid's rights or that the district court judge acted antagonistically toward Abusaid. Accordingly, we affirm.

**AFFIRMED.**

---

[2] To the extent that Abusaid argues that the district court should have construed his § 3582(c)(2) motion as an amendment to his § 2255 motion, his argument is without merit, as there was no reason for the district court to construe the § 3582(c)(2) motion as such. Likewise, to the extent that Abusaid argues that the district court erred in assessing criminal history points based on the offenses in question regardless of Amendment 709, his argument is not properly before us.

6