[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16968
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 91-00598-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH L. RIVERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 8, 2009)

Before BARKETT, WILSON  and PRYOR, Circuit Judges.

PER CURIAM:

Kenneth L. Rivers, proceeding pro se, appeals the district court's denial of

his pro se motion for a sentence reduction, which he filed pursuant to 18 U.S.C. § 3582(c)(2). Rivers's motion was based on Amendment 709, which generally affected the calculation of a defendant's criminal history score. On appeal, Rivers argues that the district court erred in denying his § 3582(c)(2) motion because, as a clarifying amendment, Amendment 709 retroactively applied to reduce his guideline range.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements, found in § 1B1.10, state that a sentence reduction is not authorized under § 3582(c)(2) if "none of the amendments listed in subsection (c) is applicable to the defendant . . . ." U.S.S.G. § 1B1.10(a)(2)(A). Amendment 709 is not listed in U.S.S.G. § 1B1.10(c). See U.S.S.G. § 1B1.10(c).

Here, Rivers was not eligible for a § 3582(c)(2) sentence reduction based on

Amendment 709 because Amendment 709 is not a retroactively applicable guideline amendment listed in § 1B1.10(c). See U.S.S.G. § 1B1.10(a)(2)(A); United States v. Armstrong, 347 F.3d 905, 907-08 (11th Cir. 2003) (holding that the district court did not err in determining that the defendant's sentence could not be reduced under § 3582(c)(2) when the amendment at issue was not listed in § 1B1.10(c)). To the extent that Rivers argues that Amendment 709 applies retroactively because it is a clarifying amendment, his argument fails because we have held that, while consideration of a clarifying amendment "may be necessary in the direct appeal of a sentence or in a petition under [28 U.S.C.] § 2255, it bears no relevance to determining retroactivity under § 3582(c)(2)." Armstrong, 347 F.3d at 908-09.

**AFFIRMED.**