T.S. Ellis, III, United States District Judge
The matter is before The Court on defendant Sohaib Akhter's pro se motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2).[1] (Doc. 95).
Defendant pled guilty on June 26, 2015 to (1) conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, (2) conspiracy to access a protected computer without authorization, in violation of 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i)-(iii), and 371, and (3) conspiracy to access a government computer without authorization, in violation of 18 U.S.C. §§ 1030(a)(2)(B), (c)(2)(B)(i)-(iii), and 371. Defendant was sentenced on October 2, 2015 under the 2014 Sentencing Guidelines Manual. His guideline range was 27 to 33 months, and he received a variant 24-month sentence.
Defendant has now filed a motion under § 3582(c)(2) seeking a reduction in his sentence based on amendments to the guidelines that went into effect on November 1, 2015. Specifically, defendant argues that Amendments 791, 792, and 794 all require a reduction in his guideline range because these amendments are retroactively applicable in the § 3582(c)(2) context.[2] The problem for defendant is that the guidelines manual designates which amendments are retroactively applicable for § 3582(c)(2) motions, and none of the amendments defendant relies on are designated in the guidelines manual as retroactive. Guidelines § 1B1. 10, which governs sentence reductions under § 3582(c)(2), provides that where "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below , the court may reduce the defendant's term of imprisonment" under § 3582(c)(2). U.S.S.G. § 1B1.10(a)(1) (2016) (emphasis added).[3] The commentary to § 1B1.10 similarly states that "[e]ligibility for consideration *470 under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range." U.S.S.G. § 1B1.10 cmt. n.2 (2016). None of the amendments defendant cites-Amendments 791, 792, and 794-is listed under subsection (d), and as a result defendant is not entitled to claim the benefit of these amendments in his § 3582(c)(2) motion. See id. § 1B1.10(d).
Contrary to defendant's argument and the government's apparent agreement with defendant, the retroactivity analysis does not hinge on whether any of these amendments are "clarifying" amendments, which clarify the Sentencing Commission's intention with regard to a guidelines provision, or "substantive" amendments, which operate to change circuit law. See United States v. Goines , 357 F.3d 469, 474 (4th Cir. 2004) (distinguishing between clarifying and substantive amendments).[4] The Fourth Circuit made clear in Goines that the guidelines manual must designate an amendment as retroactive for a defendant sentenced before the amendment's effective date to claim the benefit of that amendment in a § 3582(c)(2) motion. And this is so regardless of whether the amendment is substantive or clarifying. See id. at 474, 480 (stating that defendants are not "entitled to the benefit of a substantive amendment" adopted after defendant's sentencing "unless the Sentencing Commission has designated the amendment for retroactive application," and holding that defendants may rely on clarifying amendments in § 3582(c)(2) motions only "so long as the amendment has been designated for retroactive application").[5] The majority *471 of circuits agree with this "bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied solely where expressly listed under [ § 1B1.10(d) ]." United States v. Armstrong , 347 F.3d 905, 909 (11th Cir. 2003) (citing cases from the Second, Third, Fifth, Sixth, Eighth, and Tenth Circuits).[6] The Fourth Circuit's Goines decision thus confirms the common-sense reading of § 1B1.10(a)(1) ; Only amendments designated as retroactive can be retroactively applied in a § 3582(c)(2) motion, regardless of whether the amendments are substantive or clarifying.[7] See U.S.S.G. § 1B1.10(a)(1).
Accordingly, and for good cause,
It is hereby ORDERED that defendant's motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2) is DENIED.
Should defendant wish to appeal, he must do so by filing a written notice of appeal with the Clerk's Office within sixty (60) days of the entry date of this Order, pursuant to Rules 3 and 4, Fed. R. App. P. A written notice of appeal is a short statement that indicates a desire to appeal and notes the date of the Order defendant wants to appeal. Defendant need not explain the grounds for appeal until so directed by the court.
The Clerk is directed to send a copy of this Order to the pro se defendant and all counsel of record.

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the court "may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 791 adjusted the loss amount table in § 2B1.1(b)(1) for inflation. U.S.S.G App. C. Amend. 791. Amendment 792 changed § 2B1.1(b)(2), which governs increases based on the number of victims. Id. Amend. 792. Amendment 794 amended the commentary to § 3B1.2, which governs decreases for a defendant's mitigating role in the offense. Id. Amend. 794. Defendant argues that taking all three amendments into account would reduce his guideline range from 27-33 months to 12-15 months.

Section 1B1.10(b)(1) also provides that in determining whether a reduction under § 3582(c)(2) is warranted, the "court shall determine the amended guidelines range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1) (2016) (emphasis added). Nothing in § 1B1.10 distinguishes between substantive and clarifying amendments for the purpose of retroactivity; for both substantive end clarifying amendments, their retroactive effect in the § 3582(c)(2) context turns only on whether the amendment is listed in the guidelines manual.

Defendant argues that Amendment 792 is a "hybrid" amendment because part of the amendment is substantive and another part is clarifying. Defendant misconstrues the meaning of a "hybrid" amendment, which is an amendment "designed merely to elucidate the original intent of the Commission," but that also conflicts with circuit precedent. Goines , 357 F.3d at 474. And, in any event, whether Amendment 792 is hybrid, clarifying, or substantive is irrelevant because the only question regarding retroactivity is whether the guidelines manual designates the amendment as retroactive.

Defendant's argument that Goines established a blanket rule that all clarifying amendments must be applied retroactively for § 3582(c)(2) purposes fails; this argument misreads Goines , which, carefully read, is limited only to clarifying amendments designated as retroactive. Goines , 357 F.3d at 480. Defendant also points to § 1B1.11(b)(2), which states that courts shall use the guidelines manual in effect on the date of sentencing, except that courts must also consider later clarifying amendments. U.S.S.G. § 1B1.11(b)(2). That provision, however, refers only to the version of the guidelines manual that must be used at sentencing or on appeal; the provision says nothing about § 3582(c)(2) motions. See Goines , 357 F.3d at 474 (stating that "clarifying amendment[s] must be given effect at sentencing and on appeal," citing § 1B1.11(b)(2) ); see also United States v. Cruickshank , 837 F.3d 1182, 1194 (11th Cir. 2016) ("Although this Court applies the version of the Guidelines in effect on the date of sentencing, when reviewing the district court's application of the Guidelines, we consider clarifying amendments retroactively on appeal regardless of the date of sentencing."). For that reason, plaintiff's citation to the Ninth Circuit's decision in United States v. Quintero-Leyva , 823 F.3d 519, 522-23 (9th Cir. 2016), is inapposite because that decision addressed only whether Amendment 794 is retroactive on direct appeal, not in a § 3582(c)(2) motion. The government's erroneous concession that clarifying amendments are retroactive, even if not listed in the guidelines manual, likewise seems to stem from the Goines court's statement that clarifying amendments "must be given effect at sentencing and on appeal." Id. at 474. But that statement plainly refers only to the retroactivity of clarifying amendments at sentencing and on appeal, not in the context of § 3582(c)(2) motions.

The Eleventh Circuit also stated that "only amendments, clarifying or not , listed under [§ 1B1.10(d) ] ... may be considered for reduction of a sentence under § 3582(c)(2)." Armstrong , 347 F.3d at 909.

As a result, there is no need to address the parties' arguments as to whether Amendments 791, 792, and 794 are substantive or clarifying