[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16068
Non-Argument Calendar
_____

D.C. Docket No. 1:99-cr-00749-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOBEL ANTONIO CASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 24, 2017)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Nobel Antonio Castillo, proceeding *pro se*, appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). After review,[1] we affirm the district court.

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. *Id.* Only amendments that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2). *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

Amendment 782 to the Sentencing Guidelines amended § 2D1.1 by revising the Drug Quantity Table in § 2D1.1(c). U.S.S.G. App. C, Amend. 782. In pertinent part, Amendment 782 increased the amount of cocaine necessary to qualify for a base offense level of 38 from 150 kilograms or more to 450 kilograms or more. *Compare* U.S.S.G. § 2D1.1(a)(3), (c)(1) (2000), *with* U.S.S.G. § 2D1.1(a)(5), (c)(1) (2014); *see also* U.S.S.G. App. C, Amend. 782. Amendment 782 became effective on November 1, 2014, and was made retroactive by

---

[1] We review the district court's decision of whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009).

2

Amendment 788 as of the same date.  U.S.S.G. App. C, Amends. 782 & 788; U.S.S.G. § 1B1.10(d).

The district court did not err in denying Castillo's second § 3582(c)(2) motion because considering his relevant conduct in the offense, his base offense level remains 38 under the amended Drug Quantity Table.  *See* U.S.S.G. § 1B1.3(a)(1)(A) (explaining relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant").  According to the PSI, 75 burlap bags were observed by federal officials in the mast of the vessel Castillo was operating, each weighing approximately 50 to 60 pounds, for an approximate total weight of 4,300 pounds, or 1,800 kilograms.  Although the government only seized two bales of cocaine, Castillo's relevant conduct included all 75 bales—1,800 kilograms.  Thus, because an offense level of 38 under the amended Drug Quantity Table corresponds to a quantity of cocaine that is 450 kilograms or more, and Castillo is responsible for 1,800 kilograms, his base offense level would remain at 38.  Accordingly, the district court did not err in denying his § 3582(c)(2) motion because the amendment would not have had the effect of lowering his sentencing range.  *See* *Armstrong*, 347 F.3d at 909.

**AFFIRMED.**

3