[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15488
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00043-RH-EMT-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMONE ANTHONY SPRUILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 8, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ramone Anthony Spruill appeals *pro se* the denial of his motions to reduce his sentence and for the appointment of counsel. *See* 18 U.S.C. § 3582(c)(2). Spruill sought a reduction based on Amendment 794 to the Sentencing Guidelines. We affirm.

The district court lacked authority to reduce Spruill's sentence. For the district court to reduce Spruill's sentence, his motion must have been based on an amendment to the Sentencing Guidelines that reduced his advisory guideline range, *see id.*, and that was listed in the applicable policy statement of the Sentencing Commission, U.S.S.G. § 1B1.10(c). *See United States v. Armstrong*, 347 F.3d 905, 907 (11th Cir. 2003). Because Amendment 794 is not listed in section 1B1.10(c), the amendment could not serve as a basis to reduce Spruill's sentence.

Spruill argues that Amendment 794 clarifies the commentary to section 3B1.2 of the Guidelines and should be given retroactive effect under section 3582(c), but "'clarifying amendments' . . . may only be retroactively applied on direct appeal of a sentence or [to] a . . . motion [to vacate a sentence, 28 U.S.C. § 2255]," *Armstrong*, 347 F.3d at 909. "[O]nly amendments, clarifying or not, listed under subsection (c) of § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)." *Id.* Amendment 794 does not qualify for retroactive application under section 3582(c)(2).

The district court did not abuse its discretion by denying Spruill's request for appointed counsel. Spruill was not entitled to appointed counsel in seeking a reduction of his sentence. *See United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009).

We **AFFIRM** the denial of Spruill's motions to reduce his sentence and for the appointment of counsel.