[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13698

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ANTON LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:00-cr-00347-LSC-JHE-1

_____

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Mario Lee, a federal prisoner proceeding *pro se*, appeals the district court's order denying his "Petition For Recall Mandate" regarding his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines. On appeal, Mr. Lee argues that the district court previously erred by not reducing his sentence further after erroneously calculating his new offense level. Even accepting Mr. Lee's proposed total offense level, his guideline range remains unchanged. The district court's calculation and sentence within this guideline range was not error. Accordingly, we affirm.[1]

I

In 2001, a federal jury convicted Mr. Lee of one count each of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846; possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); and three counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

---

[1] We assume the parties' familiarity with the facts and procedural history and set out only what is necessary to explain our decision. As to issues not discussed, we summarily affirm.

## A

Mr. Lee's presentence investigation report (PSI) held him responsible for 105 kilograms of cocaine, 7 kilograms of cocaine base, 1 kilogram of heroin, and 8 pounds of marijuana.  Following multi-count aggregation calculations under U.S.S.G. § 3D1.2(d), the probation officer found that Mr. Lee was responsible for a total of 162,362.88 kilograms of marijuana equivalent, resulting in a base offense level of 38.  Next, the probation officer applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for the possession of a firearm during the offense.  The probation officer noted that Mr. Lee was acquitted of this charge at trial, but explained that under U.S.S.G. § 1B1.3, possession of the firearm could still be considered in determining his offense level.  The probation officer also applied a four-level increase under U.S.S.G. § 3B1.1(a) because he was an organizer or leader of the criminal activity.  After the enhancements, Mr. Lee's adjusted offense level was 44, which the PSI treated as 43.  Based on a total offense level of 43 and a criminal history category of III, Mr. Lee's guideline range was life imprisonment.

At sentencing, the district court adopted the PSI's guideline calculations but sentenced Mr. Lee to a total of 105 years' imprisonment.  Mr. Lee challenged on direct appeal the two-level sentencing enhancement for possession of a firearm based on his acquittal at trial for possessing a firearm in furtherance of a drug-trafficking crime. We affirmed his convictions and total sentence in

4                       Opinion of the Court                    20-13698

2002. *See United States v. Miller*, 45 F. App'x 877 (11th Cir. 2002) (unpublished).[2]

In 2013, Mr. Lee filed a petition to vacate his sentence based "upon the intervening changes to the law's treatment of crack cocaine." He argued that the Fair Sentencing Act reduced the punishment for crack cocaine offenses and that he should be resentenced in light of the "incredibly harsh sentence he received at trial." The district court denied Mr. Lee's motion, which it construed as brought under 18 U.S.C. § 3582, but noted that under the revised Sentencing Guidelines, which were amended pursuant to the Fair Sentencing Act, the conversion of cocaine base to marijuana equivalent resulted in a lower marijuana equivalent drug quantity. Using the applicable November 2011 edition of the Sentencing Guidelines, the district court concluded that Mr. Lee's converted marijuana equivalent was reduced to 47,857 kilograms of marijuana, which produced a base offense level of 38, leaving his base offense level unchanged from the initial sentencing. He was therefore ineligible for a sentence reduction under 18 U.S.C. § 3582 or based on the Fair Sentencing Act.

---

[2] Mr. Lee filed several post-conviction challenges. In 2003, he moved to vacate his convictions and total sentence under 28 U.S.C. § 2255. The district court denied his § 2255 motion on the merits and declined to issue a certificate of appealability (COA).

**B**

Relevant to this appeal, in September 2017, Mr. Lee filed a pro se motion to reduce his total sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. He argued that Amendment 782 applied to him retroactively and reduced by two levels the base offense levels in U.S.S.G. § 2D1.1(c). He asserted that his amended guideline range after application of Amendment 782 was 360 months to life imprisonment. He noted that his total offense level would be 42 and asked the district court to resentence him to a total of 300 months' imprisonment.

The government responded, agreeing that Mr. Lee was eligible for a sentence reduction. The government concurred with Mr. Lee that his base offense level would change from 38 to 36 after application of Amendment 782 and that his guideline range would change to 360 months to life imprisonment. The government asked the district court to consider Mr. Lee's involvement in two violent offenses prior to his incarceration for the present convictions and his history of prison disciplinary incidents while incarcerated. Accordingly, it recommended that any reduced total sentence should be above the low end of the amended guideline range. Mr. Lee filed a notice stating that he agreed with the government's position that he was eligible for a sentence reduction and requested a 360-month total sentence.

In 2019, the district court granted Mr. Lee's § 3582(c)(2) motion without holding a hearing and reduced his total sentence to 360 months' imprisonment. In so ruling, the district court

explained that it considered the sentencing factors in 18 U.S.C. § 3553(a), particularly the nature and seriousness of any danger that Mr. Lee might present to the community, the PSI, its prior judgment and statement of reasons, and Mr. Lee's post-sentencing conduct. The district court calculated his amended total offense level as 42 and his amended guideline range as 360 months to life.

Despite receiving a reduction, Mr. Lee appealed and argued for the first time that the district court should have conducted a hearing because it miscalculated his amended guideline range. Mr. Lee argued that the district court erred when it reduced his drug quantity to 47,857 kilograms of marijuana equivalent but left his base offense level at 38. He claimed that his base offense level should have been 34-36. Then he argued that his sentence reduction pursuant to Amendment 782 should have placed him at a base offense level of 32-34. Mr. Lee also raised several other issues, which he did not present in his § 3582 motion in the district court. Specifically, he argued that his § 2255 proceeding should be reopened, raised ineffective assistance of counsel claims, argued that his sentence exceeded the statutory maximum in 21 U.S.C. § 841(b), noted the 800 pounds of marijuana listed in his PSI, and asserted that the drug types and quantities were not in his indictment or proven beyond a reasonable doubt. We affirmed and concluded that Mr. Lee was not entitled to a hearing under 18 U.S.C. § 3582(c). *See United States v. Lee*, 820 F. App'x 998, 999 (11th Cir. 2020) (*Lee I*). We noted Mr. Lee's attempts to present arguments on appeal that were not raised below and "to attack his conviction and prior

sentencing determinations" and stated that "such challenges are not cognizable through a § 3582(c) motion." *Id.* (citing *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000)).

In August of 2020, Mr. Lee, once again proceeding pro se, filed a self-styled "true" Rule 60(b)(6) motion under the Federal Rules of Civil Procedure in his criminal case. He sought to reopen his initial § 2255 proceeding, arguing, among other things, that the government erroneously attributed 800 pounds of marijuana to him during his original sentencing. Mr. Lee attached to his Rule 60(b)(6) Motion a separate motion requesting compassionate release under 18 U.S.C. § 3582 based on the spread of COVID-19.

Additionally, Mr. Lee filed a self-styled "Petition For Recall Mandate," relating to the district court's ruling on his 2013 motion for a sentence reduction. He asserted that, although the district court reduced his attributable drug quantity to 47,857 kilograms of marijuana equivalent, it did not reduce his total sentence appropriately because it assigned him an offense level of 38 rather than 36. He argued that this error was plain and that he should be brought before the court for it to be corrected.

In September 2020, the district court, without requiring a response from the government, entered an omnibus order resolving Mr. Lee's three motions. As to Mr. Lee's motion to "recall" the "mandate" or otherwise have his total sentence reduced further, the district court stated that it had already applied the subsequent changes to the guidelines to Mr. Lee's reduced sentence. The district court determined that his assertion that it miscalculated his

offense level was without merit because in 2000, when Mr. Lee was originally tried, the base offense level for the quantity of drugs attributable to him was 38.  The Sentencing Commission's 2-level reduction for drug crimes reduced Mr. Lee's base offense level from 38 to 36, but the 6 levels of increases for his leadership role and use of a firearm brought his offense level back up to a 42, "exactly the level he was resentenced at in 2019." D.E. 355 at 9.  Thus, the district court concluded that Mr. Lee's claim that it miscalculated his offense level was without merit and his motion was denied.

Mr. Lee filed separate notices of appeal challenging the district court's order as to his motion for a sentence reduction and his Rule 60(b)(6) motion.  We docketed both notices of appeal in the instant proceeding as appeal No. 20-13698.  The government moved this Court for summary affirmance.

We granted the government's motion for summary affirmance in part as to the denials of his Rule 60(b)(6) Motion and his motion for compassionate release.  But we denied the government's motion for summary affirmance as to the district court's denial of Mr. Lee's § 3582(c)(2) motion.  We concluded that, even though the government may have been right that his present arguments were barred by the law-of-the-case doctrine, it was not so clearly right that summary affirmance was appropriate.[3]

---

[3] The government again argues that the law-of-the-case doctrine bars us from considering Mr. Lee's motion because we implicitly rejected this same argument in our decision in *Lee I*, 820 F. App'x at 999.  Because we affirm the

20-13698                Opinion of the Court                9

Now we must decide whether the district court erroneously calculated the applicable guideline range when it granted Mr. Lee's reduction under § 3582(c)(2).

## II

"We review the district court's interpretation of the Sentencing Guidelines de novo and accept its factual findings unless clearly erroneous." *United States v. Barner*, 572 F.3d 1239, 1247 (11th Cir. 2009).

## III

A district court may only modify a term of imprisonment in certain situations, including when the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). A defendant is eligible for a sentence reduction under § 3582(c)(2) only when an amendment listed in U.S.S.G. § 1B1.10(d) retroactively lowers his guideline range that was calculated by the sentencing court. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Any reduction must be consistent with the Sentencing Commission's policy statements. *See* § 1B1.10, comment. (n.1(A)).

A § 3582(c)(2) proceeding does "not constitute a full resentencing of the defendant." § 1B1.10(a)(3). When the district court

---

district court's denial of Mr. Lee's motion on the merits, we do not revisit—nor opine on—this argument again here.

considers a § 3582(c)(2) motion, it must first recalculate the guideline range under the amended Sentencing Guidelines. *See Bravo*, 203 F.3d at 780. In calculating the new range, the district court must implement the Guideline amendment but "leave all other guideline application decisions unaffected." § 1B1.10(b)(1). It "may not enter any new finding that is inconsistent with a finding it made in the original sentence proceeding." *United States v. Hamilton*, 715 F.3d 328, 340 (11th Cir. 2013). Nor may it consider "extraneous resentencing issues" that belong in a proceeding under 28 U.S.C. § 2255. *See Bravo*, 203 F.3d at 782. Unless the defendant provided substantial assistance, any reduction may not be less than the low end of the amended guideline range. *See* § 1B1.10(b)(2)(A).

Amendment 750, made effective on November 1, 2011, revised the crack cocaine quantity tables to conform to the Fair Sentencing Act. *See* U.S.S.G. App. C, Amend. 750. These changes lowered the drug quantities attributable to defendants after conversion to the marijuana equivalent. *Compare* U.S.S.G. § 2D1.1, comment. (n.10(E)) (2010) *with* U.S.S.G. § 2D1.1, comment. (n.10(D)) (2011). Amendment 750 did not change the base offense level assigned to the attributable drug quantities. *See* U.S.S.G. App. C, Amend. 750; U.S.S.G. § 2D1.1(c).

Amendment 782, made effective on November 1, 2014, revised the Drug Quantity Table in § 2D1.1(c), and in pertinent part, provided a two-level reduction in the base offense level for controlled substance offenses. *See* U.S.S.G. App. C, Amend. 782; U.S.S.G. § 1B1.10(d). Specifically, Amendment 782 revised the base

offense levels that corresponded to attributable drug quantities so that, as of November 1, 2014, at least 30,000 kilograms, but less than 90,000 kilograms of marijuana, resulted in a base offense level of 36, while a base offense level of 90,000 or more kilograms resulted in a base offense level of 38. *See* U.S.S.G. App. C, Amend. 782; § 2D1.1(c). Amendment 782 did not alter other enhancements that applied based on the specific characteristics of a defendant's offense conduct. *See United States v. Melton*, 861 F.3d 1320, 1323 (11th Cir. 2017).

Mr. Lee correctly contends that Amendment 782 reduced his drug-equivalent quantities from 162,362.88 kilograms of marijuana to 47,359.88 kilograms, making his base offense level 36 rather than 38. *See* Appellant's Br. at 5. *See also* U.S.S.G. § 2D1.1(c)(2). He also concedes that he is subject to a 6-point enhancement— "4 [points] for the leadership role and . . . 2 points for the firearm." Appellant's Br. at 5. Thus, his total offense level would be 42, the exact total offense level the district court found. *See* D.E. 355 at 8–9.

To get to a lower number, Mr. Lee seems to make his own miscalculations. He argues that despite the 6-point enhancement, his total offense level should be 40. He comes to this conclusion by starting from an incorrect base offense level. Mr. Lee contends that his base level offense should be 34 because Amendment 782 reduces his base level offense by 2 points. So, he thinks that the drug-equivalent quantities recalculation (reducing 162,362.88 kilograms of marijuana to 47,359.88 kilograms) puts his base offense

level at 36 and then Amendment 782 subtracts an additional 2 levels, putting him at 34. With the 6-point enhancement, that increases his total offense level to 40, rather than 42. But the base offense level of 36 already reflects the two-point reduction under Amendment 782. Mr. Lee arrives at a total offense level of 40 by double-counting the effect of the guidelines reduction.

Even if we accept Mr. Lee's erroneous claim that his total offense level is 40 rather than 42, his guideline range would remain unchanged. If Mr. Lee has a total offense level of 40, his criminal history category III would still place him in the guidelines range of 360 months' imprisonment to life. *See* U.S.S.G. Ch. 5, Sentencing Table. Notably, this range is the same range Mr. Lee asked the district court to apply in his pro se motion, *see* D.E. 34 at 4, which his subsequently assigned Federal Public Defender agreed was the applicable range. *See* D.E. 345 at 1 ("The FPD . . . agrees with the government that the revised guideline range[ ] [is] 360 months [to] Life[.]"). We therefore find no error in the district court's calculations of the guidelines range.

## IV

For the reasons set forth above, we affirm the district court's denials of Mr. Lee's motion.

**AFFIRMED.**[4]

---

[4] In his "Petition For Leave To Amend Reply Brief To Clarify/Amplify In The Interest Of Justice," which we construe as a motion for leave to amend his reply brief, Mr. Lee argues that the district court's conclusion that a converted drug weigh of 47,857 kilograms resulted in a base level offense of 38 was clearly erroneous. But as we've explained, accepting Mr. Lee's proposed base level offense does not change his ultimate guideline range. Accordingly, that motion is **DENIED**. Mr. Lee's "Petition For Oral Arguments In The Interest Of Justice Pursuant To Fed. R. App. P. 34(a)(2)(c)," which we construe as a motion for oral argument, is also **DENIED**.