[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10792
Non-Argument Calendar
_____

D. C. Docket No. 01-00973-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 22, 2009)

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

On March 29, 2002, appellant pled guilty pursuant to a plea agreement to bank robbery, in violation of 18 U.S.C. § 2113(a). On July 29, 2002, the district court sentenced appellant as a career offender under U.S.S.G. § 4B1.1 to a prison sentence of 151 months.[1] He appealed his conviction and sentence. We affirmed. United States v. Martinez, 99 Fed.Appx. 885 (11th Cir. 2004).

On July 2006, the district court denied appellant's claim, made in a motion filed under 28 U.S.C. § 2255, that his attorney had rendered ineffective assistance of counsel in failing to demonstrate at sentencing that he was not a career offender. Appellant did not appeal the ruling; instead, on March 7, 2008, he sought this court's leave to file a successive § 2255 motion, claiming that he was actually innocent of career offender status under § 4B1.1 given the application of Guidelines Amendment 709. We declined to grant leave. Also on March 7, appellant moved the district court separately to reopen the dormant § 2255 proceeding and to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2); both motions challenged his career offender status under Amendment 709. The district court ordered the Government to respond to the motions, and it did so. The court thereafter heard argument of counsel. At that time, appellant's attorney argued that the court could grant a sentence reduction pursuant to Amendment 709 under

---

[1] The Guidelines sentence range called for imprisonment from 151 to 188 months.

alternative theories: under § 3582(c)(3) or by reopening the § 2255 proceeding pursuant to Federal Rule of Civil Procedure 60(b) and granting relief in the interest of justice.[2] The district court denied the motions.[3] Appellant now appeals.

1) 18 U.S.C. § 3582(c)(3).

Appellant argues that the district court was authorized to grant the requested sentence reduction pursuant to § 3582(c)(2) because, under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its progeny, a district court may reject as unsound the failure of the Guidelines to designate Amendment 709 as retroactive. He further argues that the court erroneously assumed that his request for relief was based on Amendment 706, the crack cocaine guideline amendment, rather than Amendment 709.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentence range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The amendment to the Guidelines must be retroactively applicable, however, and only amendments listed in U.S.S.G. § 1B1.10(c) qualify as retroactively applicable amendments warranting § 3582(c)(2) relief. U.S.S.G. § 1B1.10(a)(1), (c); United

---

[2] Appellant argued that Amendment 709 could operate to reduce his sentence range to a term of imprisonment of 68 to 78 months.

[3] The court did so after ordering the Government to respond to the motions and, following the response, hearing argument of counsel for the parties.

States v. Armstrong, 347 F.3d 905, 907-08 (11th Cir. 2003). Clarifying amendments are intended to clarify the meaning of a particular Guidelines section, and they generally do not effect a substantive change in the Guidelines. United States v. Scroggins, 880 F.2d 1204, 1215 (11th Cir. 1989) (direct appeal context). Thus, clarifying amendments do not provide a basis for § 3582(c)(2) relief because they do not change the Guidelines substantively and are not listed in § 1B1.10(c). See id.; Armstrong, 347 F.3d at 908-09 (providing that, while consideration of a clarifying amendment "may be necessary in the direct appeal of a sentence or in a petition under § 2255, it bears no relevance to determining retroactivity under § 3582(c)(2)").

Amendment 709 elucidated how to determine the criminal history category under U.S.S.G. §§ 4A1.1 and 4A1.2 when multiple convictions are involved. See U.S.S.G. App. C, Amend. 709 (2008). Pursuant to Amendment 709, prior offenses separated by an intervening arrest are counted separately for purposes of calculating a criminal-history score, and, if there was no intervening arrest, prior sentences are counted separately "unless the sentences (1) were for offenses that were named in the same charging document, or (2) were imposed on the same day." Id. at Reason for Amendment. Amendment 709 is not listed in § 1B1.10(c), and, therefore, it is not a retroactively applicable amendment that may be the basis

4

for § 3582(c)(2) relief.  See U.S.S.G. § 1B1.10(c) (listing the retroactively applicable amendments, which does not include Amendment 709).

Section 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues," which should be brought on direct appeal or on collateral review.  United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000).  Moreover, Booker does not apply to § 3582(c)(2) proceedings.  United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir.) (holding that Booker does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), cert. denied, 129 S.Ct. 2382 (2009).

As an initial matter, appellant's argument that the district court assumed that appellant's request for relief was based on the crack cocaine guideline amendment is unavailing because the district court's order, although identifying the "crack amendment," referred to its statements at the motion hearing, and a review of the hearing shows that the district court considered and applied Amendment 709.

As for the merits, the district court did not abuse its discretion in denying appellant's supplemental motion for a sentence reduction under § 3582(c)(2) because Amendment 709 does not afford appellant § 3582(c)(2) relief since it is not retroactively applicable, and Booker does not apply to § 3582(c)(2)

5

proceedings.[4]

2) Rule 60(b).

Pursuant to our language in <u>Armstrong</u> providing that consideration of a clarifying amendment "may be necessary in the direct appeal of a sentence or in a petition under § 2255," appellant argues that the district court was authorized to reopen his prior § 2255 proceedings raising this issue, under Rule 60(b) in order to effectuate Amendment 709. <u>Armstrong</u>, 347 F.3d at 908-09.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 528, 125 S.Ct. 2641, 2645-46, 162 L.Ed.2d 480 (2005). Rule 60(b) motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either (1) raise a new ground for relief, or (2) attack a federal court's previous resolution of a claim on the merits, which itself is "effectively indistinguishable" from a direct claim that a

---

[4] Appellant cites our unpublished opinion in <u>United States v. Small</u>, No. 95-4045, manuscript op. (11th Cir. Sept. 19, 1995) as authorizing the district court to grant a sentence reduction under § 3582(c)(2), notwithstanding our prior affirmance of his sentence, to avoid manifest injustice. The district court did not abuse its discretion in denying Martinez's supplemental motion to the extent that he requested relief to avoid manifest injustice under the authority of <u>Small</u> because <u>Small</u> is non-binding authority and factually distinguishable from the instant case.

petitioner is entitled to substantive habeas relief.  Id. at 530-32, 125 S.Ct. at

2647-48.  Where the motion attacks "some defect in the integrity of the federal

habeas proceedings," however, the motion is not a successive habeas petition.  Id.,

at 532, 125 S.Ct. 2648.  Thus, Rule 60(b)(6) properly may be used to assert that a

federal court's previous ruling precluding a merits determination (i.e., a procedural

ruling such as failure to exhaust, a procedural bar, or a statute-of-limitations bar)

was in error.  Id. at 532-35 & n.4, 125 S.Ct. 2648-50 & n.4.

The district court did not abuse its discretion in denying appellant's motion

to the extent it sought to reopen his prior § 2255 proceedings under Rule 60(b)

because the motion qualified as a successive motion to vacate and Martinez had

failed to obtain an order authorizing the district court to consider a successive

motion to vacate.

AFFIRMED.