[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10593
Non-Argument Calendar

_____

D. C. Docket No. 99-00432-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO MEZA,
Digno Mesa-Arana,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 2, 2009)

Before TJOFLAT, EDMONDSON  and FAY, Circuit Judges.

PER CURIAM:

Alfredo Meza, proceeding pro se, appeals the district court's order denying his motion to reconsider the denial of his motion to reduce sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 668. For the reasons set forth below, we affirm.

## I.

In 1999, a federal grand jury charged Meza with conspiracy to possess with intent to distribute cocaine, in violation of 46 U.S.C. § 1903(j); and possession with intent to distribute cocaine, in violation of 46 U.S.C. § 1903(a) and 18 U.S.C. § 2. A jury found Meza guilty of both counts.

According to the presentence investigation report ("PSI"), Meza was accountable for 4,609 kilograms of cocaine, and his base offense level was set at 38, pursuant to U.S.S.G. §§ 2D1.1(a)(3) and (c)(1). Meza's total offense level was 42. His total offense level of 42 combined with criminal history category I to yield a guideline imprisonment range of 360 months to life. The district court adopted the factual findings and guideline calculations contained in the PSI and sentenced Meza to 360 months' imprisonment, followed by 5 years of supervised release. Meza appealed his convictions and sentence and we affirmed. See United States v. Rincon-Hernandez, 32 Fed.Appx. 533 (11th Cir. 2002).

In July 2008, Meza filed a pro se motion to reduce his sentence, pursuant to

2

18 U.S.C. § 3582(c)(2), arguing that Amendment 668 reduced his base offense level from 38 to 30. Meza also argued that the district court should resentence him under an advisory guideline scheme, pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court denied Meza's motion, stating that Meza based his motion on Amendment 706. It found that Amendment 706 did not apply to Meza, because the two counts of which he was convicted involved powder cocaine rather than crack cocaine. Meza filed a motion to reconsider, noting that his § 3582(c)(2) motion was based on Amendment 668, rather than Amendment 706. He acknowledged that Amendment 668 was not listed in the Guidelines as a retroactive amendment, but asked the court to apply it retroactively because it was a clarifying amendment. The district court denied Meza's motion for reconsideration and Meza appealed. Meza's notice of appeal stated that he wished to appeal only the district court's order denying his motion for reconsideration.

## II.

We review for abuse of discretion the denial of a motion to reconsider. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004). We review de novo a district court's conclusions regarding the scope of its legal authority under 18 U.S.C. § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir.

2008).  A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission."  Id.  A reduction is not consistent with the Commission's policy statements unless it is made pursuant to an amendment that the Commission has made retroactive through its inclusion in § 1B1.10(c).  See U.S.S.G. §§ 1B1.10(a)(1) and (a)(2)(A).

### III.

Amendment 668 is not listed in § 1B1.10(c) as a retroactive amendment; therefore, a district court would violate Commission policy by granting a § 3582(c)(2) sentence reduction based on this amendment.  See U.S.S.G. §§ 1B1.10(a)(1), (a)(2)(A), and (c).  Furthermore, even if Amendment 668 was considered to be a clarifying amendment, clarifying amendments may be applied retroactively only on direct appeal of a sentence or under a 28 U.S.C. § 2255 motion to vacate sentence.  See United States v. Armstrong, 347 F.3d 905, 908-09 (11th Cir. 2003) (determining that classification as a clarifying amendment "bears no relevance to determining retroactivity under § 3582(c)(2)").  Although the district court, in the denial of the motion to reconsider, did not address Meza's

4

argument that his § 3582(c)(2) was based on Amendment 668 rather than Amendment 706, any failure to address Amendment 668 was harmless, because the court lacked discretion to contravene Commission policy and grant a § 3582(c)(2) reduction.  See United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir. 2009) (holding that "Booker . . . do[es] not prohibit the limitations on a judge's discretion . . . imposed by § 3582(c)(2) and the applicable policy statement[s]").  Finally, Booker did not grant the district court authority to disregard the policy statements set forth in § 1B1.10(a).  See id. (holding that Booker does not apply at resentencing proceedings under § 3582(c)(2)).  Accordingly, Meza's claim that Amendment 668 may serve as a basis for relief under § 3582(c)(2) lacks merit and we affirm the denial of Meza's motion to reconsider.

**AFFIRMED.**