[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14730
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 04-00046-CR-BAE-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE LAWRENCE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 8, 2010)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Maurice Lawrence Williams, proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. Williams' motion was based on Amendment 709 to the Sentencing Guidelines, which is not a retroactively applicable guideline amendment listed in U.S.S.G. § 1B1.10(c) and therefore cannot serve as the basis for § 3582(c)(2) relief. Accordingly, we AFFIRM.

## I. BACKGROUND

Maurice Lawrence Williams pled guilty to distribution of cocaine base, a violation of 21 U.S.C. § 841(a)(1), and using and carrying a firearm during a drug trafficking crime, a violation of 18 U.S.C. § 924(c). R1-34. The presentence investigation report determined that Williams's total offense level was 17 and his criminal history category was IV. The district court imposed a total sentence of 100 months: 40 months of imprisonment for the cocaine offense, followed by 60 months of imprisonment for the firearm offense. R1-35.

Subsequently, Williams filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), contending that he was entitled to a sentence reduction in light of recent amendments to the Sentencing Guidelines. R1-54. Specifically, his motion was based on Amendments 706 and 709. *Id.* The court determined that Williams' amended offense level was 15 and that his criminal history category

2

remained IV. R1-55. The court granted his motion and reduced his total sentence to 97 months: 37 months of imprisonment for the cocaine offense, followed by 60 months of imprisonment for the firearm offense. *Id.* Williams appealed the district court's "denial of full relief." R1-56.

On appeal, we vacated Williams's sentence because the district court did not demonstrate that it had considered the 18 U.S.C. § 3553 sentencing factors. R1-62. On remand, the district court imposed the same sentence and clarified that it did so after considering the relevant factors. R1-61.

Williams then filed the present § 3582(c)(2) motion, arguing that, in resolving his earlier motion, the court erroneously failed to consider the effect of Amendment 709. R1-63 at 2. He contended that Amendment 709, which concerns counting offenses to determine a defendant's criminal history score, is a clarifying amendment that must be applied retroactively. *Id.* at 2-3. The district court denied Williams's motion, concluding that Amendment 709 is not retroactive. R1-66.

## II. DISCUSSION

On appeal, Williams argues, *pro se*, that the district court abused its authority by denying his 18 U.S.C. § 3582(c)(2) motion. He contends that the court erroneously assigned him a criminal history category of IV, and that his true

criminal history category was II. Accordingly, his guideline range was calculated incorrectly, and his sentence is unjust.

Williams' *pro se* argument may be liberally construed as a contention that the district court erred in concluding that Amendment 709 did not entitle him to a § 3582(c)(2) reduction. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (holding that *pro se* pleadings will be liberally construed). We "review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam). Pursuant to 18 U.S.C. § 3582(c)(2), a district court may modify a defendant's sentence that was based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statement states that a sentence reduction is not authorized under § 3582(c)(2) unless an amendment listed in U.S.S.G. § 1B1.10(c) is applicable to the defendant. U.S.S.G. § 1B1.10(a)(2)(A), p.s. (Nov. 2009). Amendment 709 is not listed in U.S.S.G. § 1B1.10(c). *See* U.S.S.G. § 1B1.10(c), p.s.

Where an amendment is not listed in § 1B1.10(c), it cannot serve as the basis for a § 3582(c)(2) reduction. *United States v. Armstrong*, 347 F.3d 905, 909 (11th

4

Cir. 2003) (holding that, although the amendment at issue was a "clarifying amendment" and therefore applied retroactively in the context of direct appeals and habeas petitions, it could not serve as the basis for a § 3582(c)(2) reduction because it was not listed in § 1B1.10(c)).

### III. CONCLUSION

Here, the district court correctly concluded that Williams was not eligible for a § 3582(c)(2) sentence reduction based on Amendment 709, because Amendment 709 is not a retroactively applicable guideline amendment listed in § 1B1.10(c). Accordingly, we **AFFIRM.**