[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16272
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-20208-ASG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR FERNANDEZ-ARELLANO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 27, 2013)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Hector Fernandez-Arellano, proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction, construed from a pro se letter-motion Fernandez-Arellano filed with the district court claiming errors in the calculation of his guideline range.[1]  In the letter-motion, Fernandez-Arellano asserted that the presentence investigation report held him accountable for the wrong quantity of cocaine in determining his base offense level.  Fernandez-Arellano argued that his offense actually involved slightly less than 15 kilograms of cocaine, and that as a result his base offense level should have been 32 rather than the base level of 34 under which he was sentenced.  The district court denied the motion.

Fernandez-Arellano subsequently moved for reconsideration, arguing that his counsel was ineffective in representing him in the plea bargaining process.  Fernandez-Arellano also argued that the actual quantity of cocaine attributable to him was 14.5 kilograms, and that the government increased the drug quantity at sentencing without submitting facts or evidence to the court or a jury, in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).  Finally, Fernandez-Arellano argued that the government violated his due process rights by relying on his intent

---

[1] As the district court correctly noted, Fernandez-Arellano's letter-motion would be time-barred if we construed it as a 28 U.S.C. § 2255 motion, because judgment was entered in 2008 and the letter-motion was not filed until 2012.  *See* 28 U.S.C. § 2255(f).

to purchase 15 kilograms of cocaine, and that his plea agreement was invalid and his sentence should be set aside because the government was dishonest and did not act in good faith when it stipulated in the plea agreement that he was accountable for 15 kilograms of cocaine. The district court denied the motion for reconsideration.

On appeal, Fernandez-Arellano argues that the district court incorrectly sentenced him to 168 months' imprisonment based on an inaccurate drug quantity of 15 kilograms of cocaine, as the actual drug quantity involved in the offense was 14.5 kilograms. Fernandez-Arellano therefore argues that 14.5 kilograms should be the drug quantity for which he is held accountable, and that he should be resentenced based upon that drug quantity. Fernandez-Arellano also contends that the district court failed to consider (1) his claims of ineffective assistance of counsel in his guilty plea and sentencing proceedings; (2) whether the government violated *Blakely* by increasing the quantity of cocaine for which he was responsible without submitting any new evidence in court or to a jury; and (3) whether his due process rights were violated when the court sentenced him based on inaccurate information. Finally, Fernandez-Arellano argues that his plea agreement is invalid because the government stipulated that he was accountable for 15 kilograms of cocaine, but the government knew that the actual drug quantity was 14.5 kilograms.

We review for abuse of discretion a district court's decision not to reduce a sentence pursuant to § 3582(c)(2). *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam). "[W]e review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008) (internal quotation marks omitted). We may affirm the decision of the district court on any ground supported by the record. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013).

18 U.S.C. § 3582(c)(2) creates a narrow exception to the general rule of finality in sentencing determinations, granting the district court discretion to reduce a sentence where the defendant's term of imprisonment was based on a guideline range "that has subsequently been lowered by the Sentencing Commission" and where such a reduction is consistent with applicable policy statements of the Sentencing Guidelines. "[O]nly amendments . . . listed under subsection (c) of [U.S.S.G.] § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Section 3582(c) does not grant the district court jurisdiction to consider extraneous resentencing issues, such as a challenge to the constitutionality of a sentence, which a claimant must instead present as a collateral attack on his

4

sentence pursuant to § 2255. *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) (stating that an Eighth Amendment claim and other "extraneous resentencing issues" must be raised in a § 2255 petition, and cannot be considered in a § 3582(c)(2) motion).

Fernandez-Arellano does not contend that his sentence should be reduced based on a retroactive amendment to the Sentencing Guidelines listed in U.S.S.G. § 1B1.10(c), and the district court was therefore without jurisdiction to reduce his sentence under § 3582(c)(2). *See Armstrong*, 347 F.3d at 909. Further, Fernandez-Arellano's *Blakely* challenge and claims regarding the validity of his plea, ineffective assistance of counsel, and due process cannot be raised in a § 3582(c)(2) motion. They must instead be raised in a § 2255 motion, which would now be time-barred in any event. *See* 28 U.S.C. § 2255(f) (providing that such motions for collateral review must be filed within one year of the time the conviction becomes final). The district court did not err in denying Fernandez-Arellano's § 3852(c) motion.

**AFFIRMED.**