[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15142
Non-Argument Calendar
_____

D.C. Docket No. 9:07-cr-80051-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIEN GARCON,
a.k.a. Johnathan Imgramham,
a.k.a. Julian Garcon,
a.k.a. Tedric Sherman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 17, 2014)

Before WILLIAM PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Julien Garcon, a federal prisoner proceeding pro se, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence.  We affirm.

## I. BACKGROUND

In May 2008, Garcon was convicted by a jury of possessing a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  He was acquitted of manufacturing at least five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); possessing with intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and possessing with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

Using the November 1, 2007 version of the Sentencing Guidelines, the probation officer calculated a base offense level of 24, pursuant to U.S.S.G. § 2K2.1(a)(2), the guideline for an 18 U.S.C. § 922(g) offense.  Garcon received a two-level increase under § 2K2.1(b)(1)(A), because the offense involved more than two and less than eight firearms.  He received another two-level increase, pursuant to § 2K2.1(b)(4)(A), because the firearm was stolen.  He also received a four-level increase under § 2K2.1(b)(6), because he had used or possessed a firearm in connection with another felony offense.  Specifically, a firearm was found in an apartment with powder and crack cocaine.  Garcon's offense level was 32.

Garcon had nine criminal-history points, which resulted in a criminal history category of IV.  Based on a total offense level of 32 and a criminal history category of IV, the Guidelines imprisonment range was 168 to 210 months.  The statutory maximum term of imprisonment, however, was 120 months, and the Guidelines range became 120 months.  The district judge made the same Guidelines calculations at sentencing.  After considering the 18 U.S.C. § 3553(a) factors, the judge sentenced Garcon to the statutory maximum.  Garcon appealed his conviction; we affirmed on the merits.  *United States v. Garcon*, 349 F. App'x 377 (11th Cir. 2009) (per curiam).

On July 25, 2013, Garcon filed his first pro se 18 U.S.C. § 3582(c)(2) motion to reduce sentence, based on Amendments 599 and 706 to the Sentencing Guidelines.  Under Amendment 599, Garcon asserted the district judge should not have added four levels to his base offense level under § 2K2.1(b)(6) for possessing a firearm in connection with another felony.  He contended the jury had acquitted him of his charged drug offenses, and it was improper to add four levels to his offense level, when the jury had not found him guilty of committing another felony.  Garcon also argued Amendment 706 lowered his Guidelines range.  He asserted he was sentenced under § 2D1.1 for possessing a firearm in connection with trafficking crack cocaine; Amendment 706 reduced the offense levels in crack-cocaine cases.

3

The district judge denied the motion and found neither amendment had the effect of lowering Garcon's sentencing range.  The judge noted Amendment 599 concerned sentences under § 2K2.4 that were imposed in conjunction with a sentence for an underlying offense.  Garcon, however, was not sentenced in conjunction with an underlying offense.[1]  The judge also determined Amendment 706, which modified the Guidelines under § 2D1.1 relating to drug offenses, did not factor into Garcon's sentence.  In addition, the judge found both amendments took effect prior to Garcon's sentence and could not have subsequently lowered his Guidelines range.

On October 11, 2013, Garcon filed this instant pro se 18 U.S.C. § 3582(c)(2) motion to reduce sentence.  Like his prior motion, he sought a sentence reduction based on Amendments 599 and 706.  He also argued for a sentence reduction under Amendment 750.  Under Amendment 750, he contended 39 grams of crack cocaine, for which the sentencing judge had held him responsible, converted to 139 kilograms of marijuana equivalent, which resulted in a Guidelines range of 92 to 115 months of imprisonment.  Regarding Amendments 706 and 599, Garcon provided the same arguments he made in his prior motion, with additional elaboration.  The district judge denied the motion for the same reasons he had denied Garcon's first § 3582(c)(2) motion.

---

[1] Moreover, Garcon was sentenced under § 2K2.1, not § 2K2.4.

4

## II. DISCUSSION

Proceeding pro se, Garcon argues Amendment 750 applies to reduce his sentence, because his offense level was determined by the 39 grams of crack cocaine for which the judge had held him responsible.  Based on the quantity of crack cocaine, he asserts the judge had applied the cross-reference in § 2K2.1(c)(1)(A) to §§ 2X1.1 and 2D1.1.  Concerning Amendment 599, he argues the sentencing judge was prohibited from applying the § 2K2.1(b)(6) enhancement, because he had possessed a different firearm in connection with the drug offenses than the firearm for which he was convicted of being a felon in possession.[2]

We review de novo a district judge's legal conclusions about the Sentencing Guidelines and the scope of authority under 18 U.S.C. § 3582(c)(2).  *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009) (per curiam).  Under § 3582(c)(2), a district judge may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1).  For a defendant to be eligible for

---

[2] Because Garcon does not challenge the denial of his § 3582(c)(2) motion under Amendment 706 on appeal, he has abandoned that issue.  *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998) (stating arguments not raised on appeal are abandoned).  In addition, Garcon raises arguments not asserted in his second § 3582(c)(2) motion and that do not concern retroactive amendments to the Sentencing Guidelines.  Such arguments are not proper in a § 3582(c)(2) motion.  *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) (stating the "purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines").  Accordingly, we do not address those arguments.

5

a sentence reduction, the Sentencing Commission must have amended the Sentencing Guidelines, that amendment must have lowered the defendant's sentencing range, and the amendment must also be listed in U.S.S.G. § 1B1.10(c). *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & cmt. n.1(A).

When applicable, Amendments 750 and 599 can serve as the basis for a sentence reduction, because they both are listed in U.S.S.G. § 1B.10(c). *See* U.S.S.G. § 1B.10(c). Amendment 750 to the Sentencing Guidelines, made retroactive by Amendment 759, lowered the sentencing range applicable to crack-cocaine crimes by revising the crack-cocaine quantity tables listed in § 2D1.1(c). U.S.S.G. App. C, Amends. 750, 759. Amendment 750 took effect on November 1, 2011. *Id.*

Amendment 599 took effect on November 1, 2000. U.S.S.G. App. C, Amend. 599. Amendment 599 provides that, where a defendant is convicted of an 18 U.S.C. § 924(c) crime for using a firearm during and in relation to a crime of violence or a drug trafficking crime, the defendant cannot also receive a base-offense-level enhancement in the underlying offense for his use of a firearm during the commission of that offense. *Id.*; *see United States v. Brown*, 332 F.3d 1341, 1344-45 (11th Cir. 2003). "The purpose of Amendment 599 is to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) may receive weapon enhancements contained in the Guidelines for those other

offenses." *United States v. Armstrong*, 347 F.3d 905, 908 n.4 (11th Cir. 2003) (citation, internal quotation marks, and ellipsis omitted).

Neither Amendment 750 nor Amendment 599 applies to Garcon's Guidelines calculations.  The district judge did not calculate Garcon's offense level based on his possession of crack cocaine under § 2D1.1; instead, based on his firearm offense under § 2K2.1, which remains unchanged by Amendment 750.  U.S.S.G. App. C, Amend. 750.  Accordingly, Amendment 750 has no effect on Garcon's Guidelines calculation.  Garcon's contention Amendment 750 applies, because § 2K2.1 cross-references § 2X1.1, lacks merit.  The cross-reference in § 2K2.1 to § 2X1.1 applies, when a defendant has been convicted of the underlying offense for which he used or possessed a firearm.  *See* U.S.S.G. § 2K2.1(c)(1)(A).  Garcon was not convicted of the underlying cocaine offenses, and the cross-reference in § 2K2.1(c)(1)(A) was not even applied to his Guidelines calculation.

Likewise, Amendment 599 is inapplicable to Garcon, because he was sentenced for a violation of 18 U.S.C. § 922(g), not § 924(c).  *See* U.S.S.G. App. C, Amend. 599 (discussing sentencing enhancements for violations of 18 U.S.C. § 924(c)).  The amendment took effect in November 2000, before Garcon was sentenced in July 2008.  U.S.S.G. App. C, Amend. 599.  Therefore, Garcon was not "sentenced to a term of imprisonment based on a sentencing range that has

7

subsequently been lowered by the Sentencing Commission."  18 U.S.C.

§ 3582(c)(2).

**AFFIRMED.**