[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11378
Non-Argument Calendar
_____

D.C. Docket No. 3:05-cr-00022-LC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD LAMAR VASON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 26, 2017)

Before MARCUS, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Clifford Vason, proceeding pro se, appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).  After careful review, we affirm.

## I.

In 2005, Vason pled guilty to one count of kidnapping and transportation of persons in interstate commerce, 18 U.S.C. § 1201(a)(1), and one count of possession of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(i).  He was sentenced to 181-months imprisonment.

In 2017, Vason filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).  He argued that an amendment to the United States Sentencing Guidelines § 3B1.2 should allow him to receive a reduction to his guidelines sentencing range.  The district court denied his motion, ruling it was "not authorized to reconsider a sentence relative to commentary in [§ 3B1.2]."  This appeal followed.

## II.

We review <u>de novo</u> whether the district court has authority to reduce a sentence under 18 U.S.C. § 3582(c)(2).  <u>United States v. Melvin</u>, 556 F.3d 1190, 1191 (11th Cir. 2009) (per curiam).  Section 3582(c)(2) allows a court to modify a prison sentence if it was imposed "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The applicable policy statement, contained in Guidelines § 1B1.10, allows courts to reduce prison sentences under 18 U.S.C. § 3582(c)(2) only if the

2

guideline amendment is listed in Guidelines § 1B1.10(d).  USSG § 1B1.10(a); see

United States v. Melton, 861 F.3d 1320, 1326 (11th Cir. 2017).

Vason argues that his sentence should be reduced based on Guidelines

Amendment 794, which addressed § 3B1.2.  See USSG Suppl. to App. C, Amend.

794 (2015).  However, Amendment 794 is not among the guideline amendments

listed in § 1B1.10(d).  Therefore, 18 U.S.C. § 3582(c)(2) does not allow Vason to

be resentenced based on the change to Guidelines § 3B1.2 after his sentence was

imposed.[1]  See United States v. Armstrong, 347 F.3d 905, 907–08 (11th Cir. 2003).

**AFFIRMED.**

---

[1] Vason also attacks his conviction for the first time on appeal based on the Supreme Court's opinion in Rosemond v. United States, 572 U.S. ___, 134 S. Ct. 1240 (2014).  However, a court cannot review a conviction on a motion to reduce sentence under § 3582(c)(2).  Cf. United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) ("Section 3582(c) . . . does not grant to the court jurisdiction to consider extraneous resentencing issues. [The Appellant] must instead bring . . . a collateral attack on his sentence under 28 U.S.C. § 2255.").

3